**GREENBERG, FISK & FIELDER,**
Appellant,

v.

**Honorable Charles Ben HOWELL,**
Appellee.

No. 05–84–00162–CV.

Court of Appeals of Texas,
Dallas.

Feb. 29, 1984.

Robert M. Greenberg, Dallas, for appellant.

Charles Ben Howell, Judge, 191st District Court, Dallas, for appellee.

Before GUITTARD, C.J., and CARVER and WHITHAM, JJ.

CARVER, Justice.

Greenberg, Fisk and Fielder, a professional corporation composed of practicing members of the Bar, in behalf of themselves and their clients in nine unrelated cases pending in the 191st Judicial District Court, seek mandamus directing the judge of said court, Charles Ben Howell, to set aside his orders holding their recusal motions (an identical motion on identical grounds was filed in each of the nine cases) "procedurally insufficient" and to require Judge Howell to obey Rule 18a TEX.R. CIV.P. (1983) by either recusing himself or entering an order of referral of such motions to the presiding judge of the administrative district. We conditionally grant the relief sought.

The duty of a district judge to whom a recusal motion is addressed is clear. Our Legislature has provided in Sec. 6, Art. 200a, TEX.REV.CIV.STAT.ANN. (Vernon Supp.1982) that among other duties of a judge:

A district judge shall request the Presiding Judge to assign a judge of the administrative district to hear any motions to recuse such district judge from a case pending in his court.

Our Supreme Court, pursuant to its rule-making powers, has provided in Rule 18a, TEX.R.CIV.P. (1983) that:

Rule 18a. Recusal or Disqualification of Trial Judge

(a) At least ten days before the date set for trial or other hearing in district court, any party may file with the clerk a motion stating grounds why the judge before whom the case is pending should not sit in the case. The grounds may include any disability of the judge to sit in the case.

(b) On the day the motion is filed, copies shall be served on all other parties or their counsel of record, together with a notice that movant expects the motion to be presented to the judge three days after the filing of such motion unless otherwise ordered by the judge. Any other party may file with the clerk an opposing or concurring statement at any time before the motion is heard.

(c) Prior to any further proceedings in the case, the judge shall either recuse himself or request the presiding judge of the administrative judicial district to assign a judge to hear such motion. If the judge recuses himself, he shall enter an order of recusal and request the presiding judge of the administrative judicial district to assign another judge to sit, and shall make no further orders and shall take no further action in the case except for good cause stated in the order in which such action is taken.

(d) If the judge declines to recuse himself, he shall forward to the presiding judge of the administrative judicial district, in either original form or certified copy, an order of referral, the motion, and all opposing and concurring statements. Except for good cause stated in the order in which further action is taken, the judge shall make no further orders and shall take no further action in the case after filing of the motion and prior to a hearing on the motion. The presiding judge of the administrative judicial district shall immediately set a hearing before himself or some other judge designated by him, shall cause notice of such hearing to be given to all parties of their counsel, and shall make such other orders including orders on interim or ancillary relief in the pending cause as justice may require.

(e) If within ten days of the date set for trial or other hearing a judge is assigned to a case, the motion shall be filed at the earliest practicable time prior to the commencement of the trial or other hearing.

(f) If the motion is denied, it may be reviewed for abuse of discretion on appeal from the final judgment. If the motion is granted, the order shall not be reviewable, and the presiding judge shall assign another judge to sit in the case.

(g) The Chief Justice of the Supreme Court may also appoint and assign judges in conformity with this rule and pursuant to Article 200a.

(Added by order of June 10, 1980, eff. Jan. 1, 1981.) This is a new rule.

Our record reflects that each recusal motion was filed in its respective case on February 1, 1984; that no recusal or referral was entered by Judge Howell in response to any motion; that on February 10, 1984, leave was granted by this court to file the petition for mandamus and notice thereof was given to Judge Howell and to each counsel and party in the nine cases; and that by the hearing date, February 23, 1984, only Judge Howell had filed a brief resisting the granting of the writ. Judge Howell's brief had attached to it nine identical orders (the same order in each case), each dated February 23, 1984 (the day of the hearing and the day his brief was filed), each providing:

> As set forth in the court's memorandum decision of this date, the undersigned judge of this court finds the motions of the defendant (named party) for the recusal of this judge to be procedurally insufficient. It is ordered that the same be and they are hereby stricken out and disregarded.

By his brief resisting the writ, Judge Howell urges that, since *he has determined* that the recusal motions are procedurally insufficient, no mandamus should issue. To the contrary, we hold that, since both statute and rule forbid any *determination* with regard to the recusal motions by Judge Howell, the writ must issue, unless Judge Howell promptly enters either order permitted to him, i.e. recusal or referral.

By his fifteen-page brief, Judge Howell argues that a recusal motion that is procedurally insufficient is not a recusal motion at all, therefore, neither statute nor rule is

invoked. We disagree and hold that a recusal motion invokes both statute and rule the instant the motion is filed and the judge named in the motion shall recuse or refer without regard to the "procedural sufficiency" of the motion itself. We do not hold that the relator and his motion are free from scrutiny and "procedural sufficiency" from some other judge, named in obedience to both rule and statute, but we do hold that the judge named in the motion may not do so without violating his plain duty. On this record, it becomes the plain duty of this court to require that Judge Howell cure his departure from his duty by setting aside each of his nine orders entered on February 23, 1984, which hold the respective recusal motions "procedurally insufficient." It is our further duty to require Judge Howell to forthwith either enter an order recusing himself or enter an order referring such motions to the presiding judge of his administrative district.

It further appears that Judge Howell, relying upon his orders of February 23, 1984, disposing of the several recusal motions, has scheduled one or more of the nine cases for pre-trial proceedings. Whether Judge Howell elects to recuse himself by order or whether Judge Howell elects to enter a referral order as directed by this opinion, he would not be entitled to sit in any of the cases for the currently scheduled pre-trials. In order that our opinion be made effective under either option as elected by Judge Howell, we prohibit Judge Howell from further presiding over any of the nine cases in which a recusal motion was filed unless and until the referral order in each case be decided in his favor.

Mandamus granted, but writ withheld, unless the Respondent Howell shall refuse to set aside each of the orders of February 23, 1984, and shall refuse to enter either an order recusing himself or an order of referral in response to each of the recusal motions on file. Prohibition is granted, but writ withheld, unless Judge Howell attempts to sit upon any of the nine cases prior to recusal or referral.