**Nikki CARMODY and Dell James, Appellants**

v.

**STATE FARM LLOYDS and Wade Martin, Appellees.**

No. 05–04–01806–CV.

Court of Appeals of Texas, Dallas.

Feb. 22, 2006.

David R. Gibson, Dallas, for Appellants.

Katherine Woodruff, Woodruff and Associates, Dallas, and Joseph W. Spence, Shannon, Gracey, Ratliff & Miller, L.L.P., Fort Worth, for Appellees.

Before Chief Justice THOMAS and Justices WRIGHT and FRANCIS.

**OPINION**

Opinion by Chief Justice THOMAS.

Nikki Carmody and Dell James appeal the trial court's judgment in favor of State Farm Lloyds and its adjuster, Wade Martin. In three issues, appellants argue the trial judge erred in denying their motion to recuse and in hearing appellees' summary judgment motion following the recusals of two other judges. We affirm the trial court's judgment.

BACKGROUND

Appellants discovered mold in their home and made a claim under their homeowners' insurance policy issued by State Farm Lloyds. When the claim was not resolved to their satisfaction, appellants sued appellees, alleging they wrongfully denied coverage and refused to make a reasonable offer of settlement of appellants' claim. The case was initially assigned to the 296th Judicial District Court but was later added to a related case in the 366th Judicial District Court. The case was subsequently transferred to the 416th Judicial District Court, Judge Chris Oldner presiding. The docket sheet reflects Judge Oldner recused himself on November 7, 2003. Judge Nathan White, local administrative judge of the district courts of Collin County, then assigned Judge Mark Rusch of the 401st Judicial District Court to preside over the case. A few months later, appellees filed a motion for summary judgment which was set for hearing on August 27, 2004. Appellants did not file a response to the motion.

Ten days before the hearing, Judge White found that Judge Rusch had also recused himself from the case. Judge White, presiding judge of the 366th Judicial District Court, appointed himself to preside over the case. Appellants' counsel admits learning of Judge White's assignment to the case on August 20, 2004. Three days later, appellants filed written objections to *any* judge hearing the summary judgment motion, alleging procedural defects in one of the prior recusals in the case. No mention was made of any grounds to recuse Judge White.

At the August 27 hearing, Judge White granted the summary judgment motion. He also concluded appellants' motion to recuse him, made after the hearing had begun and after he had overruled appellants' objections to hearing the summary judgment motion, was not timely made. Appellants do not challenge the merits of the summary judgment ruling in this appeal. Rather, they argue Judge White should have recused himself from ruling on the summary judgment motion and that, because he did not, the summary judgment order is void. They also contend Judge White had no authority to rule on the summary judgment motion because of procedural defects in one of the prior recusals.

STANDARD OF REVIEW

■ We review the trial judge's denial of a motion to recuse for abuse of discretion. Tex.R. Civ. P. 18a(f) (if motion to recuse denied, it may be reviewed for abuse of discretion on appeal from final judgment); *J–IV Invs. v. David Lynn Mach., Inc.*, 784 S.W.2d 106, 107 (Tex. App.-Dallas 1990, no writ). "A trial court abuses its discretion if it acts in an arbitrary or unreasonable manner without reference to any guiding rules or principles." *Walker v. Gutierrez*, 111 S.W.3d 56, 62 (Tex.2003) (citing *Downer v. Aquamarine*

*Operators, Inc.,* 701 S.W.2d 238, 242–43 (Tex.1985)).

### DISCUSSION

■ There are multiple motions to recuse and recusals involved in this case.[1] We first address the most recent motion, made by appellants during the August 27, 2004 hearing before Judge White. We conclude Judge White did not abuse his discretion by concluding appellants' motion to recuse was untimely.

Texas Rule of Civil Procedure 18a governs recusal of judges. Rule 18a(a) provides a motion for recusal must be made at least "ten days before the date set for trial or other hearing." TEX.R. CIV. P. 18a(a). Rule 18a(e) allows a motion to be made "at the earliest practicable time prior to the commencement of the trial or other hearing" when a judge is assigned to a case within ten days of the date set for trial or hearing. TEX.R. CIV. P. 18a(e). Appellants argue the exception in rule 18a(e) applies in this case because Judge White was not assigned to the case until August 17, 2004, at the earliest. We will assume for purposes of this appeal that appellants' motion to recuse Judge White was made under rule 18a(e).

In their first issue, appellants argue that, once the motion to recuse Judge White was made, he had no discretion to determine whether the motion was timely. Rather, his only options were to "recuse or refer" under rule 18a(c). *See* TEX.R. CIV. P. 18a(c). In response, appellees cite cases holding a trial judge is limited to recusal or referral only if the motion meets the requirements of rule 18a as to form and timeliness. *See, e.g., Barron v. State*

*Attorney Gen.,* 108 S.W.3d 379, 383 (Tex. App.-Tyler 2003, no pet.).

While courts of appeals have diverged on whether a judge may deny a recusal motion based on procedural deficiencies, our Court has generally held that the trial judge is limited to the decision to recuse or refer. *See, e.g., Bourgeois v. Collier,* 959 S.W.2d 241, 246 (Tex.App.-Dallas 1997, no writ) (citing *Lamberti v. Tschoepe,* 776 S.W.2d 651, 652 (Tex.App.-Dallas 1989, writ denied) for proposition that trial judge, when presented with recusal motion, regardless of procedural sufficiency of motion, has option only to recuse or refer). However, in none of our cases was the motion filed *after* the commencement the hearing in which the party sought the judge's recusal. *See* TEX.R. CIV. P. 18a(e) (motion to recuse "*shall* be filed ... *prior* to the commencement of the trial or other hearing" (emphasis added)). *See, e.g., Bourgeois,* 959 S.W.2d at 246 (motion filed timely in relation to movant's motion for rehearing); *Lamberti,* 776 S.W.2d at 651 (Lamberti filed motion to recuse which was heard and denied prior to trial); *Greenberg, Benson, Fisk & Fielder, P.C. v. Howell,* 685 S.W.2d 694, 694 (Tex.App.-Dallas 1984, orig. proceeding) (trial judge responded by letter in September to motions for recusal filed in June and July; mandamus action commenced after date of letter); *Greenberg, Fisk & Fielder v. Howell,* 676 S.W.2d 431, 432–33 (Tex.App.-Dallas 1984, orig. proceeding) (motions to recuse filed February 1, 1984; hearing date February 23, 1984, when trial judge held recusal motions "procedurally insufficient"). The question before us is whether, under the circumstances presented in this case, the fact that the motion to re-

---

1. We note appellants only complain of issues relating to recusal, not disqualification. Unlike recusal, an argument that a trial judge is constitutionally disqualified cannot be waived and may be raised at any point in the proceeding. *See Bank of Tex., N.A. v. Mexia,* 135 S.W.3d 356, 360–61 (Tex.App.-Dallas 2005, pet. denied).

cuse was not filed until after the hearing began makes a difference in our decision.

The hearing set before Judge White was the hearing on appellees' motion for summary judgment. In response to the summary judgment motion, appellants filed an objection to the summary judgment hearing and, in the alternative, a motion for continuance. Only after the hearing began and Judge White denied the objection to proceeding with the motion for summary judgment and motion for continuance did appellants file their motion to recuse him.

The rationale for the "recuse or refer" rule is to preserve confidence in the impartiality of the judiciary by minimizing a judge's involvement in recusal proceedings. *See In re Union Pac. Res. Co.*, 969 S.W.2d 427, 429 (Tex.1998) (Hecht, J., concurring). This rationale, however, is not offended when a trial judge concludes a motion for recusal brought after the commencement of a hearing is not filed at the earliest practicable time where the alleged grounds for recusal were known to the parties prior to the commencement of the hearing. Here, appellants, through their counsel, had known Judge White was assigned to hear the summary judgment motion at least seven days prior to the hearing. The alleged facts that would give rise to recusal were known to appellants approximately a year prior to the hearing. Knowing these facts, appellants did not question Judge White's impartiality until after the hearing had commenced and he had made rulings that were unfavorable to them. Because the motion for recusal was based on grounds known to the parties prior to the commencement of the hearing and was not made until after the judge heard argument and made rulings regarding the subject matter of the hearing, Judge White did not abuse his discretion in concluding appellants' motion for recusal was untimely with respect to the sum-

mary judgment hearing. *See* TEX.R. CIV. P. 18a(e). We overrule appellants' first issue.

In their third issue, appellants argue Judge White erred in granting summary judgment because the case had not been properly assigned to him following recusal by other judges. This issue requires that we address the recusal of Judge Oldner, who made a docket entry but did not sign an order of recusal until August 27, 2004, the date of the summary judgment hearing. Judge Oldner took no further action in the case between the date of the docket entry and the written order.

■ Appellants argue that, because Judge Oldner did not sign a written order granting the motion to recuse and because no request was made to Judge John Ovard, the presiding judge of the First Administrative Judicial District, to assign another judge to sit in Judge Oldner's place, the assignment of the case to Judge White was error. In support of this argument, appellants cite *Dunn v. County of Dallas*, 794 S.W.2d 560, 562 (Tex.App.-Dallas 1990, no writ). Appellants assert Judge White had no authority to sit for Judge Oldner or Judge Rusch because the motion to recuse Judge Oldner was still pending.

It is undisputed Judge Oldner did not follow the letter of rule 18a(c) when recusing himself. He did not enter a formal order, nor did he refer the case to the presiding judge of the administrative judicial district to assign another judge. Instead, there is a docket entry and referral to the local administrative district judge. The question we must resolve is whether these actions deprived Judge White of authority to rule on appellees' motion for summary judgment. For the reasons that follow, we conclude they do not.

First, *Dunn* is distinguishable from the facts of this case. In *Dunn*, the trial judge had written a letter to the presiding judge of the administrative district stating he "felt compelled to recuse [himself] from this matter and request that the case be assigned to a Judge from a different administrative region." *Dunn*, 794 S.W.2d at 561. Copies of the letter were sent to all attorneys of record. The letter was placed among the papers of the cause and was, therefore, part of the appellate record. *Dunn*, 794 S.W.2d at 561. After the letter was written, however, the trial judge continued to preside over the case, ultimately granting summary judgment about a year later. *Dunn*, 794 S.W.2d at 561. On appeal, we noted "[a] fair reading of rules 18a and 18b suggests that in the event a judge should elect to recuse under either section, two things are required: (1) an order of recusal, and (2) a request to the administrative judge of the district to assign another judge to sit." *Dunn*, 794 S.W.2d at 562. We held the judge's letter sufficed as an order of recusal under rule 18a(c). *Dunn*, 794 S.W.2d at 562. We further held that because the letter was an order of recusal, the trial judge was without power to enter the summary judgment order. *Dunn*, 794 S.W.2d at 563.

Here, in contrast, Judge Oldner recused himself and did not continue to preside over the case or make any rulings. Unlike *Dunn*, the summary judgment order in this case was not signed by Judge Oldner. The case was sent to Judge White, the local administrative judge, for assignment. Judge White noted in his written order that Judge Oldner had recused himself. Judge White's order also stated "[a]ny district judge in Collin County, Texas, may sit in a case for any other district Judge in Collin County, Texas," and appointed Judge Rusch "to preside over the following case as 'sitting for' the 416th Judicial District Court." Unlike the trial judge in *Dunn*, Judge Oldner never took any action inconsistent with his voluntary recusal. *See* TEX.R. CIV. P. 18a(c) (recused judge "shall make no further orders and shall take no further action in the cause except for good cause shown"). By appellants' admission, they became aware Judge Oldner was no longer presiding over the case by June. Judge Rusch had already presided over the case and recused himself by August 23, 2004, when appellants filed their objection to the summary judgment hearing and noted Judge Oldner had not followed the procedure required by rule 18a.

Second, although appellants argue that a motion to recuse Judge Oldner was "pending," thereby preventing Judge White from making any rulings in the case until the motion was resolved, we disagree. By the time the motion was filed on November 13, 2003, Judge Oldner had already granted the relief requested in it by noting his recusal on the docket sheet, refraining from any further activity and referring the case to Judge White for reassignment. Judge White's written January 29, 2004 order noted Judge Oldner had recused himself and assigned Judge Rusch to preside over the case. Thus, the recusal motion was moot and no longer pending after that date. *See Young v. Young*, 168 S.W.3d 276, 287 (Tex.App.-Dallas 2005, no pet.) (issue becomes moot when one seeks judgment on matter that cannot have practical legal effect on then-existing controversy).

Finally, this is not a case involving retired or former judges whose authority to preside over a case must come from an assignment. Here, any sitting district judge in Collin County could have heard the motion for summary judgment. The administrative order of January 29, 2004, appointed Judge Rusch "to preside over the . . . case as 'sitting for' the 416th Judi-

cial District Court," and noted "[a]ny district judge in Collin County, Texas may sit in a case for any other district judge in Collin County, Texas." Civil procedure rule 330 permits one judge to sit for another. *See* Tex.R. Civ. P. 330(e) ("the judges of such courts may ... sit in any other of said courts and there hear and determine any case there pending"); Tex.R. Civ. P. 330(h) ("any judge may hear and determine motions"); *see also Starnes v. Holloway*, 779 S.W.2d 86, 96 (Tex.App.-Dallas 1989, writ denied) (rule 330(e) consistent with Texas Constitution allowing district judges to exchange districts or hold court for each other when they deem expedient; rule effectively makes "each district judge the judge of any other district court in the county"). A local administrative judge may implement and execute local rules of administration, including the assignment, docketing, transfer, and hearing of cases. Tex. Gov't Code Ann. § 74.092(1) (Vernon 2005). Similarly, the August 17, 2004 administrative order designated Judge White "to preside over the ... case as 'sitting for' the 416th Judicial District Court," noted Judge Rusch's voluntary recusal, and noted "any district judge in Collin County, Texas may sit in a case for any other district judge in Collin County, Texas." Under the Texas Constitution, by statute, and by rule, one district judge may sit for another. *See* Tex. Const. art. V, § 11 ("And the District Judges may exchange districts, or hold courts for each other when they may deem it expedient, and shall do so when required by law."); Tex. Gov't Code Ann. § 24.303(a) (Vernon 2004) ("The judges of those courts may, in their discretion, exchange benches or districts from time to time."); Tex.R. Civ. P. 330(e) ("Where in such county there are two or more district courts having civil jurisdiction, the judges of such courts may, in their discretion, exchange benches or districts from time to time, and may transfer cases and other proceedings from one court to another, and any of them may in his own courtroom try and determine any case or proceeding pending in another court without having the case transferred, or may sit in any other of said courts and there hear and determine any case there pending...."). Judge White, sitting for the 416th Judicial District Court, properly heard the summary judgment motion. We overrule appellants' third issue.

In their second issue, appellants claim the rulings and actions taken on the various recusal motions render the summary judgment void as a matter of law. Appellants do not challenge the merits of the summary judgment, nor do they claim appellees failed to conclusively establish their right to summary judgment. Because appellants challenge to the summary judgment is premised solely on their recusal complaints and we have already concluded there was no reversible error with respect to those complaints, we overrule appellants' second issue.

We affirm the trial court's judgment.