**In the Interest of B.F.B. and S.F.B., Children.**

**No. 06–07–00041–CV.**

Court of Appeals of Texas, Texarkana.

Submitted Nov. 7, 2007.

Decided Nov. 21, 2007.

John R. Mercy, Mercy*Carter*Tidwell, LLP, Butch Dunbar, Dunbar, Craytor & Morgan, LLP, Texarkana, for appellant.

Brent M. Langdon, Langdon * Davis, Texarkana, for appellee.

Before MORRISS, C.J., CARTER and MOSELEY, JJ.

## OPINION

Opinion by Chief Justice MORRISS.

The tragedy of murder extends far beyond the deceased. This appeal involves the custody of B.F.B. and S.F.B., the minor children of mother and murder victim, Toy Bradshaw, and father and convicted murderer, Joe Bradshaw.

Before Joe Bradshaw's conviction, Elton Murphy, the children's maternal grandfather, and Janice Murphy, the children's maternal step-grandmother, filed suit seeking custody of the children. After the Murphys filed for custody, numerous other relatives filed petitions for custody, including Vickie Wommack (the children's paternal aunt) and Danna Blount (the children's maternal grandmother), as well as William and Mary Bradshaw (the children's paternal grandparents). On January 19, 2007, the Honorable Paul Banner, a visiting judge, signed a final order appointing Elton Murphy and Vickie Wommack nonparent joint managing conservators and appointing as possessory conservators the following individuals: Joe Bradshaw, Janice Murphy, Mary Bradshaw, Michael Wommack, Danna Blount, and Stephen Blount. The final order provided that the Murphys would have custody of the children until July 1, 2007, when custody would be permanently switched to the Wommacks.

The Murphys raise five issues on appeal alleging that the visiting judge lacked authority to hear the case, that there was insufficient notice of the trial setting, that the visiting judge erred in failing to file findings of fact and conclusions of law, that the visiting judge erred in providing that custody would switch from the Murphys to the Wommacks July 1, 2007, and that the visiting judge abused his discretion by using the Murphys' ages as the sole basis for possession. Because the visiting judge lacked a valid assignment to hear the case on the merits, which fact renders the final order void, we reverse the final order and remand this case to the trial court.

▪ The Murphys argue, in the dispositive point of error, that the visiting judge lacked authority to hear the case and that the resulting final order is void. The Murphys' argument reasons that a visiting judge's authority originates solely from the order of assignment and that the order of assignment in this case assigned the visiting judge to hear only the motion to recuse.

On May 12, 2006, the Murphys filed a motion to recuse the elected judge of the trial court. By order dated May 17, 2006, and filed June 1, 2006, the Honorable John Ovard, Presiding Judge of the First Administrative Region, assigned the Honorable Paul Banner, Senior Judge, to hear the motion to recuse. The Murphys did not object to the visiting judge hearing the case before the trial. The body of the order appointing the visiting judge reads, in its entirety, as follows:

> Persuant [sic] to Rule 18a, Texas Rules of Civil Procedure, I hereby assign the:
>
> Honorable Paul Banner,
>
> Senior Judge of The 196th District Court
>
> To The County Court at Law–Bowie [sic] of Bowie County, Texas.

This assignment is for the purpose of the assigned judge hearing a Motion to Recuse as stated in the Conditions of Assignment. This assignment is effective immediately and shall continue for such time as may be necessary for the assigned judge to hear and pass on such motion.

CONDITION(S) OF ASSIGNMENT: Cause No. 05C1420; Bradshaw Children.

The Clerk is directed to post a copy of this assignment on the notice board so that attorneys and parties may be advised of this assignment, in accordance with the law.

On May 17, 2006, the visiting judge denied the motion to recuse as untimely, since the case had been set for a final hearing that day.

After denying the motion to recuse, the visiting judge announced: "[n]ow, the next thing is the case is set on the merits. The elected judge of this county has yielded, which means he is not going to hear [this case]. I'm sitting here now under a general assignment and the case will proceed to trial." Other than the above statement, the record in this case does not contain any additional order of assignment or any recusal by the elected judge of the county court at law. The visiting judge began hearing evidence the same day as the hearing on the motion to recuse, hearing evidence May 17, 19, and 31, 2006. The visiting judge announced he would be awarding possession of the children to the Wommacks, but the children should remain with the Murphys for the time being until a transition plan could be developed. The visiting judge held a hearing July 6, 2006, to develop a transitional plan and signed the final order January 19, 2007.

■■■ The Texas Government Code allows for the assignment of retired judges as visiting judges. *See* TEX. GOV'T CODE ANN. §§ 74.052, 74.054, 74.056 (Vernon 2005). "Generally, visiting judges are assigned either for a period of time or for a particular case." *In re Republic Parking Sys. of Tex., Inc.,* 60 S.W.3d 877, 879 (Tex. App.-Houston [14th Dist.] 2001, orig. proceeding.); *see, e.g., In re Canales,* 52 S.W.3d 698, 701 (Tex.2001) (orig. proceeding). "The terms of the assignment order control[ ] the extent of the visiting judge's authority and when it terminates." *Davis v. Crist Indus., Inc.,* 98 S.W.3d 338, 341 (Tex.App.-Fort Worth 2003, pet. denied); *see also Beard v. Beard,* 49 S.W.3d 40 (Tex.App.-Waco 2001, pet. denied). The term of a visiting judge's assignment depends on the language used in the order of assignment. *Republic Parking Sys. of Tex., Inc.,* 60 S.W.3d at 879; *see In re Eastland,* 811 S.W.2d 571, 572 (Tex.1991) (orig. proceeding); *In re Nash,* 13 S.W.3d 894, 898 (Tex.App.-Beaumont 2000, orig. proceeding); *see In re Tenet Healthcare, Ltd.,* 104 S.W.3d 692 (Tex.App.-Corpus Christi 2003, orig. proceeding).

The Wommacks argue the assignment in this case is a general assignment because the "Conditions of Assignment" provided only the cryptic "Cause No. 05C1420; Bradshaw Children," without any restrictions stated in that section of the order. We reject this interpretation because the explicit language earlier in the order limits the scope of the assignment. The order of assignment in this case is clearly not a general assignment. The order provides the assignment is "for the purpose of the assigned judge hearing a Motion to Recuse" and cites "Rule 18a, Texas Rules of Civil Procedure" as authority. Rule 18a applies only to recusal or disqualification of judges. *See* Tex.R. Civ. P. 18a. Further, the order provides "shall continue for such time as may be necessary for the assigned judge to hear and pass on *such motion.*" (Emphasis added.) The order must be read as a whole, and form should not trump substance. The substance of the order of assignment indisputably limits the visiting judge's authority to the motion to recuse. The visiting judge lacked authority to hear the case on its merits.

The Wommacks also argue that the visiting judge was authorized to hear the case once the sitting judge became unavailable. The Wommacks cite *Carmody v. State Farm Lloyds,* 184 S.W.3d 419, 423 (Tex. App.-Dallas 2006, no pet.), in support of their argument that the visiting judge was authorized to hear the case. While noting Rule 18a had not been complied with, *Carmody* held that the judge who presided over the summary judgment hearings was authorized to hear the case despite the lack of an actual assignment. *Id.* The opinion, however, specifically noted that "this is not a case involving retired or former judges whose authority to preside over a case must come from an assignment." *Id.* The case arose in Collin County, and the judge who presided over the hearings was another sitting district judge in Collin County having concurrent jurisdiction. *Id. Carmody* is clearly distinguishable from this case. As is also noted by *Carmody,* one district judge may sit for another if both serve in overlapping judicial districts. *Id.; see* Tex. Const. art. V, § 11; Tex. Gov't Code Ann. § 24.303(a) (Vernon 2004); *see also* Tex.R. Civ. P. 330(e). Because the visiting judge was not a sitting judge in Bowie County, the reasoning in *Carmody* does not apply to this case.

Having decided that the order did not grant the visiting judge authority to hear the case, the next issue in our analysis is whether the lack of authority resulted in a void judgment.

 A judgment is void only when the court rendering judgment "had no jurisdiction of the person of a party or his property, no jurisdiction of the subject matter, no jurisdiction to enter the particular judgment, or no capacity to act." [1] *Browning v. Prostok,* 165 S.W.3d 336, 346 (Tex.2005); *Austin Indep. Sch. Dist. v. Sierra Club,* 495 S.W.2d 878, 881 (Tex. 1973). A judgment of a court which has no jurisdiction over the subject matter is void, that is, "entirely null within itself and which is not susceptible of ratification[,] confirmation," or waiver. [2] *Easterline v.*

---

1. Under certain circumstances a judgment that violates a party's right to due process may be void. *See, e.g., In re Taylor,* 130 S.W.3d 448, 449 (Tex.App.-Texarkana 2004, orig. proceeding); *see also* 46 Am.Jur.2d *Judgments* § 17 (1994).

2. The Texas Court of Criminal Appeals requires an objection to a procedural irregularity when the judge is otherwise qualified. *Wilson v. State,* 977 S.W.2d 379, 381 (Tex.Crim. App.1998); *cf. Davis v. State,* 227 S.W.3d 733, 737 (Tex.Crim.App.2007) (did not preserve the right to question the prosecutor's qualifications). Because this is a civil case,

*Bean,* 121 Tex. 327, 49 S.W.2d 427, 429 (1932). Subject-matter jurisdiction "cannot be conferred on a court by consent or waiver," and lack thereof "renders a judgment void rather than merely voidable." *Mapco, Inc. v. Forrest,* 795 S.W.2d 700, 703 (Tex.1990); *Jeter v. McGraw,* 218 S.W.3d 850, 853 (Tex.App.-Beaumont 2007, pet. denied); *see Tex. Ass'n of Bus. v. Tex. Air Control Bd.,* 852 S.W.2d 440, 445 (Tex. 1993); *Fed. Underwriters Exch. v. Pugh,* 141 Tex. 539, 174 S.W.2d 598, 600 (1943) (subject-matter jurisdiction exists by operation of law and cannot be conferred on any court by consent or waiver); *In the Guardianship of Erickson,* 208 S.W.3d 737, 740 (Tex.App.-Texarkana 2006, orig. proceeding); *In the Estate of Bean,* 120 S.W.3d 914, 919 (Tex.App.-Texarkana 2003, pet. denied).

 When a visiting judge's actions exceed the scope of the assignment, the Texas Supreme Court has held the judgment void. *Eastland,* 811 S.W.2d at 572 (visiting judge assigned to disbarment case lacked authority to hear contempt proceedings occurring more than thirty days after final judgment). The Beaumont Court of Appeals has followed *Eastland* in finding a contempt judgment void when issued by an assigned judge who exceeded the scope of his assignment. *See Nash,* 13 S.W.3d at 898 (contempt proceeding outside assignment). As discussed above, the visiting judge lacked authority under the assignment to preside over the trial in this case. The final order in this case is void. Because the final order is void, the Murphys were not required to object.[3]

We reverse the final order of the trial court and remand the case to the Bowie County Court at Law for further proceedings consistent with this opinion.

---

we are obligated to follow the precedent of the Texas Supreme Court. *See Nash,* 13 S.W.3d at 900.

**3.** The Wommacks cite a number of cases for the proposition that "an objection to an assigned judge is waived if a party fails to raise the objection and proceeds to trial." *See In re Approximately $17,239.00,* 129 S.W.3d 167, 168–69 (Tex.App.-Houston [14th Dist.] 2003, pet. denied); *Chandler v. Chandler,* 991 S.W.2d 367, 383 (Tex.App.-El Paso 1999, pet. denied); *Tex. Employment Comm'n v. Alvarez,* 915 S.W.2d 161, 166 (Tex.App.-Corpus Christi 1996, no writ). These cases, though, all concern an objection under Section 74.053 of the Texas Government Code. *See* Tex. Gov't Code Ann. § 74.053 (Vernon 2005). Section 74.053 allows a party to object to a former judge assigned as a visiting judge. *Id.; see Canales,* 52 S.W.3d at 701; *Mitchell Energy Corp. v. Ashworth,* 943 S.W.2d 436, 440 (Tex.1997). Once an objection is timely made, the visiting judge shall not hear the case. Tex. Gov't Code Ann. § 74.053; *see Ashworth,* 943 S.W.2d at 440. "An objection under Section 74.053 is timely if it is made before the assigned judge, sitting on the bench and in open court, calls the case to hearing or to trial." *Kellogg v. Martin,* 810 S.W.2d 302, 304 (Tex.App.-Texarkana 1991, no writ). The Legislature passed this statute to address "the perceived abuse of the assignment system, in particular the use of judges who had been recently rejected by the electorate." *Chandler,* 991 S.W.2d at 380. Section 74.053 provides a remedy independent of the requirement that a visiting judge be assigned. The cases cited by the Wommacks concern a statutory remedy which was not timely invoked. This case, however, does not involve an objection under Section 74.053. The Murphys argue the visiting judge lacked authority to hear the case because he was never actually assigned to preside over the merits of the case. As such, the cases cited by the Wommacks requiring an objection to invoke Section 74.053 are distinguishable.