Opinion issued December 22, 2009



 












 


In The

Court of Appeals

For The

First District of Texas






NO. 01-07-01091-CV






TONY CANTU AND ELSA CANTU, Appellants


v.


WADE MCKINNEY, JR., REBECCA MCKINNEY, JUSTIN MCKINNEY,
DANIEL BROUSSARD, CRAIG DEHAAN, JONNIE HARKER, AND
EPERNAY HOMEOWNERS ASSOCIATION, Appellees






On Appeal from the 129th District Court 

Harris County, Texas

Trial Court Cause No. 2005-66307






MEMORANDUM OPINION 

 This appeal arises from two post-judgment motions filed by pro se appellants,
Tony Cantu and his wife, Elsa Cantu ("the Cantus"). Presenting two issues, the
Cantus challenge the denial of their motion to recuse the trial court judge and the
denial of their motion to enforce the trial court's judgment. 

 We affirm. 

Background


 The Cantus, Wade McKinney, Jr., Rebecca McKinney, Justin McKinney, Craig
Dehaan, and Jonnie Harker all resided in a townhome complex. Daniel Broussard
was employed by the complex's homeowner's association, Epernay Homeowners
Association ("Epernay"). The Cantus sued their neighbors and Broussard alleging
that they had committed various tortious acts against the Cantus, including acts of
vandalism, defamation, threats of physical harm, and verbal harassment. 

 Epernay intervened in the lawsuit. The Cantus counter-claimed for breach of
contract alleging that Epernay had failed to repair their residence. After the Cantus
non-suited their claims, the trial court realigned the parties. The Cantus became the
defendants, and the parties initially sued by the Cantus became the plaintiffs. 

 John Maher, a licensed attorney and a resident in the townhouse complex, was
identified by the plaintiffs as a witness in the case. A restraining order was signed by
the trial court preventing Tony Cantu from contacting Maher and certain clients of
Maher. Subsequently, Tony Cantu filed suit against Maher in another Harris County
court, County Civil Court at Law No.1, and obtained an ex parte restraining order
against Maher. The trial court determined that by obtaining the ex parte restraining
order, Cantu had violated the restraining order in this case. For this violation, the trial
court sanctioned Cantu $3,000, to be paid to Maher.

 Ultimately, the Cantus, the plaintiffs, and intervenor, Epernay, reached a
settlement. Based on the settlement agreement, the trial court signed an "Agreed
Permanent Injunction and Order" (the Agreed Judgment) on April 30, 2007,
incorporating the terms and provisions of the settlement agreement. 

 Thereafter, Tony Cantu filed several post-judgment motions challenging the
sanctions levied by the trial court against him. Along with the motions challenging
the sanctions, the Cantus also filed a motion "to set aside void non-mediated
settlement agreement." The motion challenged the Agreed Judgment and was, in
substance, a motion for new trial. 

 Following several evidentiary hearings, the trial court denied Tony Cantu's
challenges to the sanctions. The trial court also denied the Cantus' motion
challenging the Agreed Judgment. 

 The Cantus filed a notice of appeal on July 24, 2007. The appeal was assigned
to this Court and given appellate cause number 01-07-00638-CV. (1) In the appeal, the
Cantus challenged the Agreed Judgment on the ground that they had not consented
to it. Tony Cantu also challenged the sanctions levied against him. 

 After filing the notice of appeal in appellate cause number 01-07-00638-CV,
the Cantus filed a motion to recuse the trial court judge. The presiding judge of the
Second Administrative Judicial Region of Texas denied the Cantus' motion to recuse. 
The Cantus also filed a post-judgment motion entitled, "Defendants' Second
Amended Motion for Contempt and Sanctions Against Epernay and Individuals," 
which the trial court denied. The Cantus filed the instant appeal to challenge the
denial of these two post-judgment motions. (2)

 On November 19, 2009, we issued our opinion in appellate cause number 01-07-00638-CV. We affirmed the Agreed Judgment signed by the trial court and the
trial court's sanctions against Tony Cantu. See Cantu v. McKinney, No.
01-07-00638-CV, 2009 WL 3931035, *6 (Tex. App.--Houston [1st Dist.] Nov. 19,
2009, no pet. h.) (mem. op.).

 Denial of Recusal Motion


 In their first issue, the Cantus contend that the presiding judge of the Second
Administrative Judicial Region erred by denying their post-judgment motion to
recuse the trial judge. 

 We review the denial of a motion to recuse for an abuse of discretion. Tex. R.
Civ. P. 18a(f); Vickery v. Vickery, 999 S.W.2d 342, 349 (Tex. 1999). When a party
challenges the denial of a recusal motion based on alleged bias or impartiality, the
party must show that this bias arose from an extrajudicial source and not from actions
during the pendency of the trial court proceedings unless the actions during the
proceedings indicate a high degree of favoritism or antagonism that renders fair
judgment impossible. Sommers v. Concepcion, 20 S.W.3d 27, 41 (Tex.
App--Houston [14th Dist.] 2000, pet. denied). 

 In their motion to recuse, the Cantus asserted that the trial judge's "impartiality
might reasonably be questioned" and alleged that "the judge has shown a personal
bias or prejudice against the Cantus." To support their position, the Cantus made the
following assertions in their recusal motion and at the hearing before the presiding
judge of the Second Administrative Judicial Region:


 The trial judge "coerced" the Cantus into settling the lawsuit with the
plaintiffs by threatening to strike their pleadings based on spoliation;

 The trial judge "refused to enact a restraining order" against John
Maher, despite the Cantus' evidence that Maher had been physically and
verbally assaulting them. The Cantus complained that the trial judge's
sanctions against Cantu "interfered" with their suit against Maher in
Harris County Civil Court at Law No. 1 and permitted Maher to
continue to harass them. The Cantus also complained that the trial judge
permitted Maher to act as an attorney in this case when he was not a
named party or an attorney of record.

 The trial judge incorrectly denied Tony Cantu's motions to reconsider
the sanctions levied against him because Cantu presented new evidence
relating to the sanctions issue.

 After the Cantus nonsuited their claims, the trial judge improperly
realigned the parties without giving notice to the Cantus.

 The trial judge allowed Maher "to harass and insult" Tony Cantu in
court and permitted the plaintiffs to perjure themselves on the stand; and

 The trial judge recused himself in another suit filed by Maher when
Maher sought to have that case transferred to the trial judge's court. 


 The Cantus have not shown that the presiding judge of the Second
Administrative Judicial Region abused his discretion by denying their recusal motion.
The Cantus' recusal motion and their arguments at the two recusal hearings show
primarily that they were dissatisfied with the trial judge's rulings. The Cantus did not
allege any extrajudicial source of bias or impartiality, nor did they demonstrate that
the trial judge's actions during the proceedings demonstrated a high degree of
favoritism or antagonism that rendered fair judgment impossible. (3) 

 A party's remedy for unfair or wrong rulings is to assign error regarding those
rulings. See id. Indeed, a number of the issues raised by the Cantus to support
recusal were also raised by them and overruled by this Court in appellate cause
number 01-07-00638-CV. See 2009 WL 3931035, at *5-6. Moreover, the fact that
the trial judge recused himself from the suit filed by Maher does not necessarily
indicate that the trial judge should have been recused in this case. 

 In addition, a review of the record raises the issue of timeliness. Texas courts
have recognized that a motion to recuse should be filed at the earliest practicable time
after the grounds for recusal become known to the parties. See Burnett Ranches, Ltd.
v. Cano Petroleum, Inc., 289 S.W.3d 862, 872 (Tex. App.--Amarillo 2009, pet.
denied); see also Carmody v. State Farm Lloyds, 184 S.W.3d 419, 422 (Tex.
App.--Dallas 2006, no pet.). Here, the record does not demonstrate that the Cantus
filed the motion to recuse when the grounds on which they base the motion became
known to them. 

 Save for the trial court's refusal to reconsider its sanctions ruling, the Cantus
rely on the trial judge's pre-judgment conduct and rulings to support their request for
a post-judgment recusal of the judge. The Cantus did not file their motion to recuse
until several months after the Agreed Judgment was signed and after they had
perfected their appeal from the judgment. The presiding judge of the Second
Administrative Judicial Region may have properly concluded that the motion was
untimely. See Burnett Ranches, Ltd., 289 S.W.3d at 872. 

 We overrule the Cantus' first issue. 

Denial of "Motion for Contempt and Sanctions"


 In their second issue, the Cantus assert that the trial court incorrectly denied
their post-judgment motion--"Defendants' Second Amended Motion for Contempt
and Sanctions Against Epernay and Individuals"--without holding a hearing on their
motion. The motion alleged that the plaintiffs had violated the terms of the Agreed
Judgment and requested the trial court to compensate the Cantus in the amount of
$25,000. 

 The trial court denied the motion. In its order, the trial court explained that the
plaintiffs' actions cited by the Cantus as violating the Agreed Judgment pre-dated the
settlement between the parties and pertained to the disputed allegations underlying
the lawsuit, not to conduct violating the Agreed Judgment. The trial court wrote,
"This case, it bears repeating, has been disposed of and is concluded--save and
except for conduct that clearly violates the terms of the settlement agreement and
[Agreed Judgment]. Defendants' Second Amended Motion is singularly devoid of
any time or date references, and therefore plainly fails to meet that standard." 

 On appeal, the Cantus assert that the trial court's denial of their motion should
be reversed because the trial court did not conduct a hearing on the motion. The
Cantus request that we reverse the trial court's order denying the motion and
"mandate a hearing" on the motion. They assert that they were entitled to a hearing
because, contrary to the trial court's order, they provided dates for the plaintiffs'
alleged violations of the Agreed Judgment. 

 We agree with the trial court's assessment that, in their motion, the Cantus
either cited conduct that pre-dated the Agreed Judgment or failed to provide dates for
the conduct. Thus, the sole contention on which they base their appellate complaint
lacks support in the record. Moreover, the Cantus cite no legal authority in their brief
for the proposition that the trial court erred because it did not conduct a hearing on
the motion. See Tex. R. App. P. 38.1(i). We hold that the Cantus have not shown that
the trial court erred with respect to denying their post-judgment motion.

 We overrule the Cantus' second issue.

 Conclusion 


 We affirm the presiding judge of the Second Administrative Judicial Region's
order denying the Cantus' motion to recuse the trial court judge, and we affirm the
trial court's order denying the "Defendants' Second Amended Motion for Contempt
and Sanctions Against Epernay and Individuals." 



 Laura Carter Higley

 Justice


Panel consists of Justices Jennings, Higley, and Sharp.
1. We take judicial notice of the record in appellate cause number 01-07-00638. See
Douglas v. American Title Co., 196 S.W.3d 876, 878 n.1 (Tex. App.--Houston [1st
Dist.] 2006, no pet.) ("We may take judicial notice of our own records between the
same parties involving the same subject matter.")
2. The language of the post-judgment motion for contempt and sanctions and the
language of the trial court's order denying the motion indicates that the order related
to the trial court's authority to enforce its judgment. To the extent that an order
pertains to the enforcement of a final judgment and disposes of all the issues of all the
parties before the court, the order constitutes a final order and is also appealable. See
Kenseth v. Dallas County, 126 S.W.3d 584, 599 (Tex. App.--Dallas 2004, pet.
denied); Reynolds v. Reynolds, 860 S.W.2d 568, 570 (Tex. App.--Dallas 1993, writ
denied); see also Matz v. Bennion, 961 S.W.2d 445, 452 (Tex. App.--Houston [1st
Dist.] 1997, pet. denied). We recognize that decisions in contempt proceedings may
not be reviewed by an appellate court. See Metzger v. Sebek, 892 S.W.2d 20, 54 (Tex.
App.--Houston [1st Dist.] 1994, writ denied). Despite its title, the Cantus' motion
is more properly characterized as a damages request resulting from the plaintiffs'
alleged violation of the judgment than it is as a request for a contempt order; thus it
can be appealed. See Galtex Property Investors, Inc. v. City of Galveston, 113 S.W.3d
922, 927 (Tex. App.--Houston [14th Dist.] 2003, no pet.). In addition, the Cantus'
post-judgment motion to recuse appears to seek to recusal of the trial court judge from
determining any post-judgment motions regarding the enforcement of the judgment. 
Cf. Hawkins v. Walker, 233 S.W.3d 380, 402-03 (Tex. App.--Fort Worth 2007, no
pet.). Therefore, it may also be reviewed on appeal. See id.
3. While sporadically citing the record to show alleged antagonistic conduct by the other
parties involved in this case, the Cantus' brief lacks citation to any improper or
antagonistic conduct by the trial judge. See Tex. R. App. P. 38.1(i).