# NO. 12-22-00016-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE:* | § | |
| *M.A.,* | § | *ORIGINAL PROCEEDING* |
| *RELATOR* | § | |

### *MEMORANDUM OPINION*

In this original proceeding, M.A. challenges (1) Respondent, the Honorable John M. Marshall's failure to set aside his temporary order of November 4, 2021, when, according to M.A., his assignment ended on June 7, 2020, and (2) Respondent, the Honorable Alfonso F. Charles's denial of her objection to Judge Marshall's presiding over the case.[1]  We deny the writ.

### BACKGROUND

M.A. and B.C., the Real Party in Interest, were divorced in 2017 and are the parents of A.G.C., F.F.C., C.B.C., and M.J.C.  In October 2019, B.C. filed a motion to modify and, on October 31, Judge Charles assigned Judge Marshall to the case, in ***In the Interest of A.G.C., F.F.C., C.B.C., and M.J.C.***, trial court cause number FM16-00030. The assignment ran from October 31 "until plenary power has expired or the Presiding Judge has terminated this assignment in writing, whichever occurs first."  The order states, "whenever the Assigned Judge is present in the county of assignment for a hearing on the above cause(s), the judge is also assigned and empowered to hear, at that time, any other matters presented for hearing."   Judge Marshall signed an order in suit to modify parent-child relationship on May 8, 2020.

On August 13, 2021, B.C. filed a petition to modify.  M.A. subsequently filed a counterpetition to modify.  M.A. also filed a motion for judge to confer with child.  After a

---

[1] Respondent Charles is the Presiding Judge of the Tenth Administrative Judicial Region and Respondent Marshall is the Senior Judge of the 14th District Court in Dallas County, Texas.

hearing, Judge Marshall signed a temporary order modifying conservatorship on November 4. On December 20, M.A. filed a request for assignment of visiting judge and motion to declare orders void. The elected judge of the 294th District Court in Van Zandt County, the Honorable Chris Martin, signed an order of recusal and a request for assignment, in which he noted that Judge Marshall had presided over the case from October 31, 2019 through May 8, 2020. On December 22, Judge Charles signed another order of assignment, which again assigned Judge Marshall to the case but added that the assignment "includes any post-judgment matters, including but not limited to post judgment motions, motions for enforcement, motions to modify, and habeas corpus proceedings, and remains in effect until the Presiding Judge has terminated this assignment in writing." That same day, M.A. filed an objection to the assignment. On January 25, 2022, Judge Charles concluded that M.A. waived her objection to the assignment and overruled her objection. M.A. filed this proceeding on January 27, and this Court granted her request for a stay of the underlying proceedings pending further order of this Court.

### PREREQUISITES TO MANDAMUS

Mandamus is an extraordinary remedy. *In re Sw. Bell Tel. Co., L.P.*, 235 S.W.3d 619, 623 (Tex. 2007) (orig. proceeding). A writ of mandamus will issue only when the relator has no adequate remedy by appeal and the trial court committed a clear abuse of discretion. *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding). The relator has the burden of establishing both prerequisites. *In re Fitzgerald*, 429 S.W.3d 886, 891 (Tex. App.—Tyler 2014, orig. proceeding.). When a timely objection to a visiting judge's assignment is overruled, all the judge's subsequent orders are void and the objecting party is entitled to mandamus relief. *In re Canales*, 52 S.W.3d 698, 701 (Tex. 2001) (orig. proceeding); *In re J.H.K.*, No. 12-21-00153-CV, 2021 WL 5500523, at *1 (Tex. App.—Tyler Nov. 23, 2021, orig. proceeding) (mem. op.).

### ABUSE OF DISCRETION

M.A argues that Judge Marshall abused his discretion by refusing to declare the November 4 order void because his assignment had ended. She further contends that Judge Charles abused his discretion by denying her objection to Judge Marshall's assignment.

2

An assignment order's terms control the extent of the visiting judge's authority and when that authority terminates. *Hull v. S. Coast Catamarans, L.P.*, 365 S.W.3d 35, 41 (Tex. App.—Houston [1st Dist.] 2011, pet. denied). Generally, plenary power expires thirty days after a final judgment is signed, unless a party files a timely motion for new trial or other postjudgment motion, in which case plenary power can extend for a total of 105 days. *See* TEX. R. CIV. P. 329b(c), (e); *see also* **L.M. Healthcare, Inc. v. Childs**, 929 S.W.2d 442, 444 (Tex. 1996) (plenary jurisdiction cannot extend beyond 105 days after trial court signs judgment). The original assignment order provides that Judge Marshall's authority terminates when "plenary power has expired or the Presiding Judge has terminated this assignment in writing, whichever occurs first." Judge Marshall signed the order in suit to modify parent-child relationship on May 8, 2020 and the record does not demonstrate that either party filed a timely post-judgment motion. Accordingly, Judge Marshall's plenary power expired thirty days later, on June 8.[2]

When a judge is assigned to a trial court under Chapter 74 of the Texas Government Code, an objection to an assigned judge must be filed not later than the seventh day after the date the party receives actual notice of the assignment *or* before the date the first hearing or trial, including pretrial hearings, commences, *whichever date occurs earlier*. TEX. GOV'T CODE ANN. § 74.053(c) (West 2013) (emphasis added). "[T]he statute contemplates that objections be made before the first hearing over which the visiting judge is to preside in a case rather than to a particular assignment order[.]" **Canales**, 52 S.W.3d at 700. Judge Marshall was assigned under Chapter 74; thus, M.A. was required to timely object to the assignment as provided by Section 74.053. M.A. contends that because Judge Marshall's plenary power had expired by the time B.C. filed his petition to modify, any actions he took in the modification proceeding are void for want of jurisdiction and not subject to waiver. She further maintains that there was no valid assignment to which she could object until Judge Charles signed the December 22 assignment order.

But the Texas Supreme Court has explained that Section 74.053 "does not say that objections must be filed before the judge presides over any hearing *under the assignment* … rather, [] to be timely an objection must be filed before the judge presides over *any* hearing." *Id.* at 702. "There is simply no basis in the statute to tie the timeliness of an objection to a judge's

[2] June 7 is the thirty-day mark but falls on a Sunday. *See* TEX. R. CIV. P. 4 (when computing time, the last day of the period so computed is to be included, unless it is a Saturday, Sunday, or legal holiday, in which event the period runs until the end of the next day which is not a Saturday, Sunday, or legal holiday).

authority under any given assignment order." *Id*. An objection to a judge assigned under Chapter 74 is timely if filed before the very first hearing or trial in the case, including pretrial hearings, over which the assigned judge is to preside—without regard to the terms of the particular assignment order. *Id*. at 704. The "statute does not confer a new opportunity to object when a visiting judge who has already heard matters in the case is reassigned by a new assignment order." *Id*. "Once an assigned judge has heard any matter in a case, the parties have waived the right to object to that judge under section 74.053 of the Government Code." *Id*.

B.C. filed his modification petition on August 13, 2021. Subsequently, M.A. filed an answer, a counterpetition to modify, a motion to dismiss B.C.'s motion to enforce travel restrictions, and a motion for judge to confer with child. Judge Marshall granted the motion to dismiss on October 15. Importantly, Judge Marshall conducted hearings on August 23 and October 29, in which M.A. participated without objection, and signed a temporary order on November 4. As soon as it became apparent that Judge Marshall intended to preside over the modification proceeding, M.A. was under a duty to object before Judge Marshall presided over any hearing in the modification proceeding. *See id*. at 702. Not until December 20, when she filed her request for assignment of visiting judge and motion to declare orders void, did M.A. begin to complain about Judge Marshall presiding over the modification proceeding. And M.A. filed her formal objection on December 22, after Judge Marshall had already conducted hearings in the modification proceeding. Because Judge Marshall had already heard a matter in the modification proceeding, Texas Supreme Court precedent makes clear that M.A. did not have a new opportunity to object when Judge Marshall was reassigned by the December 22 order and she waived her right to object.[3] *See id*. at 704; *see also* ***J.H.K.,*** 2021 WL 5500523, at *3 (objection untimely where made after assignment and after assigned judge had already conducted hearing); *see also e.g.* ***In re H.L.F.***, No. 12-11-00243-CV, 2012 WL 5993726, at *3 (Tex.

---

[3] We are not persuaded by the cases M.A. cites to support her contrary position. First, in ***B.T.***, mother objected to the assignment of a visiting judge, who had signed a divorce decree, *before* the judge heard any matters in father's new modification proceeding and application for protective order. ***In Interest of B.T.***, No. 02-14-00339-CV, 2015 WL 4776112, at *1 (Tex. App.—Fort Worth Aug. 13, 2015, no pet.) (mem. op.). Second, in ***B.F.B.***, the assignment order specifically authorized the visiting judge to only consider a motion to recuse; thus, the visiting judge exceeded the scope of his assignment by signing a final order on the custody issue. ***In re B.F.B.***, 241 S.W.3d 643, 645-47 (Tex. App.—Texarkana 2007, no pet.). Moreover, that case involved an appeal from a final order and did not involve an objection under Section 74.053. *See id*. at 647 n.3. Third, in ***Troiani***, the visiting judge signed a final order on October 10, 2014 and when relator filed her motion for enforcement on June 6, 2016, she included an objection to appointment of the visiting judge presiding over the case; thus, the relator objected *before* the visiting judge held a hearing on any matter in the enforcement action. ***In re Troiani***, No. 13-17-00204-CV, 2017 WL 2806296, at *1-2 (Tex. App.—Corpus Christi June 27, 2017, orig. proceeding) (mem. op.).

App.—Tyler Nov. 30, 2012, pet. denied) (judge signed temporary order on January 11, 2010, and presided over five hearings before objection regarding absence of assignment order, thus, objection was not timely).

In accordance with *Canales*, we conclude that because M.A. lodged an untimely objection to Judge Marshall's presiding over the modification proceeding, she cannot demonstrate that Judge Marshall abused his discretion by failing to set aside the November 4 order or that Judge Charles abused his discretion by overruling her objection. Accordingly, she has not shown herself entitled to mandamus relief.

## DISPOSITION

Having determined that no abuse of discretion occurred under the facts of this case, we *deny* M.A.'s petition for writ of mandamus. We *lift* our stay of January 27, 2022.

JAMES T. WORTHEN
Chief Justice

Opinion delivered February 28, 2022.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**FEBRUARY 28, 2022**

**NO. 12-22-00016-CV**

**M.A.,**
Relator
V.

**HON. ALFONSO F. CHARLES &
HON. JOHN M. MARSHALL**
Respondents

### ORIGINAL PROCEEDING

ON THIS DAY came to be heard the petition for writ of mandamus filed by M.A.; who is the relator in appellate cause number 12-22-00016-CV and a party to trial court cause number FM16-00030, pending on the docket of the 294th Judicial District Court of Van Zandt County, Texas. Said petition for writ of mandamus having been filed herein on January 27, 2022, and the same having been duly considered, because it is the opinion of this Court that the writ should not issue, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **denied**.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*