William Dexter WHITE, Appellant,

v.

J. Randall WALKER, Appellee.

No. 09–93–148 CV.

Court of Appeals of Texas, Beaumont.

March 17, 1994.

Rehearing Overruled April 28, 1994.

William Dexter White, pro se.

T. Alan Hart, Jasper, for appellee.

Before WALKER, C.J., and
BROOKSHIRE and BURGESS, JJ.

## OPINION

PER CURIAM.

William Dexter White filed a pro se legal malpractice suit against J. Randall Walker arising out of a capital murder case. White was indicted in cause no. 7216.[1] Walker, along with another attorney, was appointed to represent White. The state and White entered into a plea bargain, wherein in exchange for White's pleading guilty, the charge was reduced to murder and White received a life sentence. Despite the fact the plea bargain was carried out and he had signed a waiver of appeal, White attempted to appeal the conviction. This court considered the matter and initially granted an out of time appeal. Upon reconsideration, we held the waiver to be a free, knowing and intelligent one and dismissed the appeal. *White v. State*, 833 S.W.2d 339 (Tex.App.— Beaumont 1992, pet. ref'd), *cert. denied,* —— U.S. ——, 113 S.Ct. 1327, 122 L.Ed.2d 712 (1993).

Walker's attorney filed a general denial. The parties exchanged interrogatories and requests for admissions. Walker filed a motion for summary judgment and attached as summary judgment evidence several items. Those pertinent are (1) his own affidavit, (2) the affidavit of the District Attorney, (3) the affidavit of the executive director of the Texas Resource Center (a state-wide organization which provides legal assistance to attorneys defending death penalty cases), (4) the request for admissions directed to White, (5) a certified copy of White's waiver of appeal in cause no. 7216, (6) a certified copy of White's stipulation of evidence and judicial confession

in cause no. 7216, and (7) his attorney's affidavit. White filed a response to the motion for summary judgment and attached several items. Of particular interest is the statement of facts of the guilty plea in cause no. 7216.[2]

White urges 20 points of error. Points one and two deal with White's access to the trial record in cause no. 7216. Since White attached a copy to his response, these points are without mérit; they are overruled. The next point of error complains of the trial judge refusing to grant a motion for extension of time regarding the motion for summary judgment. The motion was never officially ruled upon, therefore nothing is preserved for review. However, the trial court did inform White by letter that he was giving him the additional time requested prior to ruling on the summary judgment. This point is overruled. Points of error four through seven voice general complaints about the trial court denying White access to the courts and to the appellate system. White's argument centers on the judge's failure to rule on certain motions, but the record does not indicate White ever requested a ruling on these matters. These complaints are without merit and are overruled. Points of error eight through twelve complain of White's inability to appeal his conviction. This matter has been previously considered by this court. *White*, 833 S.W.2d 339. These points are overruled. Points of error fifteen through seventeen allege the trial court erred in not ruling upon a motion for severance. White's motion was not filed until after the motion for summary judgment had been heard. We find no error. These points are overruled.

Points of error thirteen, fourteen, and eighteen through twenty attack the granting of the summary judgment. A recent case deals directly with the issue of legal malpractice in the context of criminal cases. Justice Ovard of the Dallas Court of Appeals, in *Peeler v. Hughes & Luce*, 868 S.W.2d 823 (Tex.App.—Dallas 1993, no pet. h.), had occasion to write extensively about the issue. He

---

1. White was also indicted for murder of a different victim in cause no. 7217 and plead guilty to that offense also. This litigation does not involve that case.

2. Walker had attached a statement of facts in cause no. 7217, but not 7216.

discussed the issue in an historical context, in a comparative law context and a public policy context. The court held "that, as a matter of law, a person who admits guilt of a crime and remains convicted of that crime cannot establish that any actions or omissions by his attorney were the proximate or producing cause of the indictment or conviction." This holding is logically and legally sound. We overrule these points of error.

The summary judgment is affirmed.

AFFIRMED.