The TEXAS ANIMAL HEALTH COM-
MISSION and John W. Holcomb, in
his Official Capacity, Appellants,

v.

Julio Alfonso GARZA, Appellee.

No. 04-97-00793-CV.

Court of Appeals of Texas,
San Antonio.

Sept. 16, 1998.

Steve Snelson, Janine "Red" Balacki, As-
sistant Attorney General, Austin, for Appel-
lant.

Larry R. Daves, Larry R. Daves & Associ-
ates, San Antonio, Ana Lisa G. Alvarez, Law
Offices of Ana Lisa G. Alvarez, Rio Grande,
for Appellee.

Before HARDBERGER, C.J., and
DUNCAN and ANGELINI, JJ.

## OPINION

DUNCAN, Justice.

The Texas Animal Health Commission and
its former executive director, John Holcomb,
appeal a judgment in favor of Julio Alfonso
Garza. In reviewing the clerk's record, we
discovered the case was filed in district court,
but it was tried in the county court at law
and the judge of that court signed the judg-
ment. We therefore asked the parties to
brief the issue of whether the judge who
signed the judgment had authority to do so
and, if not, whether the judgment is void.
We conclude the trial judge possessed the
requisite authority to act in the case.

### PROCEDURAL BACKGROUND

Garza sued the Commission and Holcomb
in 1990 for terminating his employment in
retaliation for his filing a worker's compensa-
tion claim and in violation of his right to due
process. Garza's petition, which was filed in
the 229th Judicial District Court of Starr
County, initially sought reinstatement, as
well as $200,000 in compensatory and exem-
plary damages. By 1996, however, Garza
sought actual damages in excess of $1,000,-
000.

Shortly before trial, in June 1996, the dis-
trict court granted Garza's "Motion to Trans-
fer to the Starr County Court at Law With
Full Jurisdictional and Legal Authority of
the 229th Judicial District." However, the
district court did not transfer the case to the
county court at law, and the presiding judge
of the administrative region did not assign
the judge of the county court at law to
preside over the case. Rather, the district
court's order merely stated "the Starr Coun-
ty Court at Law Judge should be appointed
to preside over said cause with all the the
[sic] authority of the 229th Judicial District
Court." Thereafter, although all orders, as
well as the judgment, were styled "in the
229th Judicial District Court of Starr Coun-
ty," they were signed by the judge of the
Starr County Court at Law.

### DISCUSSION

When this case was initially filed in 1990
and later when it was assigned to the judge
of the Starr County Court at Law, the
amount in controversy placed it outside the
subject matter jurisdiction of the Starr Coun-
ty Court at Law. See Acts 1989, 71st Leg.,
1st C.S., ch. 30, § 1, 1989 Tex. Gen. Laws 96,

*amended by* Acts 1991 72nd Leg., R.S., ch. 746, § 54, 1991 Tex. Gen. Laws 2620, 2634; Tex. Gov't Code Ann. §§ 25.003(c), 25.2162(a) (Vernon Supp.1998). By statute, however, "[a] ... statutory county court judge may hear and determine a matter pending in any district ... court in the county," and any order or judgment signed in this manner "is valid and binding as if the case were pending in the court of the judge who acts in the matter." Tex. Gov't Code Ann. § 74.094(a) (Vernon Supp.1998). Section 74.094(a) thus clearly authorizes a county court at law judge to hear cases and sign orders and judgments in cases pending in district courts in the same county. But may he do so when the case is outside his court's subject matter jurisdiction?

We have found no authority directly deciding this question. However, in addressing a related issue, the Texas Supreme Court discussed the 1985 enactment and 1987 amendment of section 74.094(a):

> In recent years, the Legislature has made two significant changes in local court administration.... In 1985, ... they provided that within a county, district and statutory county court judges may exchange benches, sign a judgment or order in another court without transferring the case, and be subject to assignment of any trial or proceeding by the local administrative judge. .... Two years later, a provision that these rules did not authorize a judge to act in a case over which his own court lacked jurisdiction was repealed.

*Camacho v. Samaniego,* 831 S.W.2d 804, 811 (Tex.1992). The Court then went on to interpret section 74.094(a) as "allowing a statutory county court judge to hear, determine, and sign a judgment in a matter pending in district court *outside his court's jurisdiction* without transferring the case." *Id.* (citing Tex. Gov't Code Ann. § 74.094(a) (Vernon Supp.1992)) (emphasis added). We view the supreme court's interpretation of section 74.094(a) as binding judicial dictum. *See Ex Parte Harrison,* 741 S.W.2d 607, 608–09

(Tex.App.—Austin 1987, orig. proceeding). We therefore hold the judge of the Starr County Court at Law was authorized to preside over this case and sign the judgment, even though the case was outside his court's subject matter jurisdiction.