**In re Tommy NASH.**

**No. 09–99–519CV.**

Court of Appeals of Texas, Beaumont.

Submitted Dec. 9, 1999.

Decided March 30, 2000.

---

Richard R. Burroughs, Cleveland, for appellant.

Robert G. Osborn, Law Offices of Robert G. Osborn, Lufkin, for real party in interest.

Before WALKER, C.J., BURGESS and STOVER, JJ.

## OPINION

STOVER, Justice.

Relator Tommy Nash brought this original habeas corpus proceeding after he was held in contempt for disobeying a court order. The contempt judgment ordered Nash to be held in the Liberty County Jail for 152 days.[1]

On October 1, 1999, the real party in interest, Champion International Corporation ("Champion"), filed suit against Nash in the 75th District Court of Liberty County, Texas. Pleading that Nash trespassed on its property and harvested its trees, Champion requested a temporary restraining order ("TRO"), temporary injunction, and damages. Included within Champion's petition was acknowledgment that Nash had "asserted some sort of claim of ownership of all or a portion of the Land"; according to Champion's original petition, however, Nash's presence on the property was nothing more than a trespass.

The Honorable J.C. Zbranek, judge of the 75th District Court, issued the requested TRO on October 1, 1999, the same day that Champion filed its petition. The TRO commanded Nash to refrain from trespassing and cutting any more trees on the property. Nash was served with the TRO on October 1. On October 14, 1999, Champion filed a motion for contempt in which it alleged that Nash had violated the TRO by coming on to the property on October 12, 1999, and cutting down more trees. The trial court shortened the time for the response to the contempt motion and set the hearing for October 15, the same day as the scheduled hearing on Champion's motion for temporary injunction. On October 15, the Honorable Don Taylor, judge of the Liberty County Court at Law, who was sitting by assignment in the 75th District Court for Judge Zbranek, heard Champion's request for a temporary injunction.

---

1. Pending a decision on his habeas corpus petition, Nash was released on bond.

At the conclusion of the temporary injunction hearing, Nash's trial attorney asked the court to postpone the hearing on the contempt motion. The trial court granted his request.

At the contempt hearing some two weeks later, Nash's new trial attorney objected to having Judge Taylor preside over the contempt motion on the grounds that the county court at law judge had no authority to do so under the order of assignment. Judge Taylor then reminded Nash of the prior hearing on October 15 at which Nash had offered no objection to Judge Taylor's presiding over either the temporary injunction or the contempt hearing, which were both scheduled that day. Judge Taylor also recalled how Nash had asked for and been granted a postponement of the contempt hearing. Judge Taylor then proceeded with the hearing on the motion for contempt, held Nash in contempt for violating the TRO, and ordered him confined to jail for 152 days for cutting down 153 hardwood trees and 61 pine trees.

■■■ In his first issue, Nash contends the order of confinement is illegal because the county court at law judge "was without authority or jurisdiction to grant any judgment of criminal contempt in this case or hear any motion for contempt...."

An original habeas corpus proceeding is a collateral attack on a contempt judgment. *Ex parte Rohleder*, 424 S.W.2d 891, 892 (Tex.1967). The purpose of a writ of habeas corpus is not to determine the guilt of the contemnor, but only to determine whether he was afforded due process of law or whether the order of contempt was void. *Ex parte Gordon*, 584 S.W.2d 686, 688 (Tex. 1979). A court will issue a writ of habeas corpus if the order underlying the contempt is void, *Ex parte Shaffer*, 649 S.W.2d 300, 302 (Tex.1983), or if the contempt order itself is void. *Gordon*, 584 S.W.2d at 688. An order is void if it is beyond the power of the court to enter it, or if it deprives the relator of

liberty without due process of law. *Ex parte Barlow*, 899 S.W.2d 791, 794 (Tex. App.—Houston [14th Dist.] 1995, orig. proceeding).

*In re Levingston*, 996 S.W.2d 936, 937–38 (Tex.App.—Houston [14th Dist.] 1999, orig. proceeding). In view of Nash's first issue, which alleges the trial judge had no authority to enter the contempt judgment, we must determine whether the contempt order is void. In particular, we must determine whether the contempt order was beyond the power of the court to enter it. An order of the court "is beyond the power of the court if the court lacks: (1) jurisdiction of the subject matter; (2) jurisdiction of the person or (3) authority to render the particular judgment." *Ex parte Barlow*, 899 S.W.2d 791, 798 (Tex.App.—Houston [14th Dist.] 1995, orig. proceeding).

Nash initially argued in his petition for writ of habeas corpus that Judge Taylor lacked authority to enter the contempt judgment because, among other reasons, the county court at law lacked subject matter jurisdiction to hear a case involving title to real property. He later contended that even though TEX. GOV'T CODE ANN. § 74.094 (Vernon 1998 & Supp.2000) allows judges of different courts in a county to exchange benches and transfer cases, it nonetheless does not confer subject matter jurisdiction upon a court otherwise lacking jurisdiction. In Nash's view, title to the property is the ultimate issue in the case, and, as a result, the Liberty County Court at Law, which does not have jurisdiction in cases involving title to land, did not have jurisdiction to act in the case. *See* TEX. GOV'T CODE ANN. §§ 25.1481, 25.1482 (Vernon 1988 & Supp.2000) (statutes delineating county court at law's jurisdiction); *see also Doggett v. Nitschke*, 498 S.W.2d 339 (Tex.1973) (Subject matter jurisdiction in cases dealing with title to real property is exclusively in the district court.).

■■ A distinction must be made, however, between a suit *transferred* from district court to county court at law, or vice versa,

and a suit in which a county court at law judge is *assigned* to hear cases for a district court judge. Here, we have the latter circumstance. The Texas Government Code allows judges of different courts in a county to exchange benches and transfer cases.

### § 74.054. Judges Subject to Assignment

(a) Except as provided by Subsections (b) and (c), the following judges may be assigned as provided by this chapter by the presiding judge of the administrative region in which the assigned judge resides:

(1) a regular district, constitutional county, or statutory county court judge in this state;

. . . .

(b) A regular statutory county court judge may not be assigned to hear a matter pending in a district court outside the county of the judge's residence.

(c) A constitutional county court judge may only be assigned to sit for another constitutional county court judge and must be a licensed attorney in this state.

TEX. GOV'T CODE ANN. § 74.054(a), (b), (c) (Vernon 1998).

### § 74.094. Hearing Cases

(a) A district or statutory county court judge may hear and determine a matter pending in any district or statutory county court in the county regardless of whether the matter is preliminary or final or whether there is a judgment in the matter. The judge may sign a judgment or order in any of the courts regardless of whether the case is transferred. The judgment, order, or action is valid and binding as if the case were pending in the court of the judge who acts in the matter. The authority of this subsection applies to an active, former, or retired judge assigned to a court having jurisdiction as provided by Subchapter C.

TEX. GOV'T CODE ANN. § 74.094(a) (Vernon 1998 & Supp.2000).

█ Under our reading of the statute, a presiding judge of a judicial administrative region may appoint a county court at law judge to sit for a district judge in a district court case in the same county. *See Texas Animal Health Comm'n v. Garza*, 980 S.W.2d 776, 777 (Tex.App.—San Antonio 1998, no writ) (County court at law judge was authorized to preside over a case in district court and sign the judgment even though the case was outside his court's subject matter jurisdiction.). In support of his contention that Judge Taylor did not have the authority to act in the contempt matter, Nash cites us to *Miller v. Woods*, 872 S.W.2d 343 (Tex.App.—Beaumont 1994, orig. proceeding), a case out of this court. In *Miller*, we held that the 253rd District Court in Liberty County, to which a contested probate case had been transferred from the Liberty County Court at Law, did not have subject matter jurisdiction and, as a result, the judgment rendered by the district court in the will contest was void. *Id.* at 346. Here, unlike *Miller*, Champion's case was not *transferred* from district court to the county court at law. Instead, the presiding judge of the region *assigned* Judge Taylor, the county court at law judge, to sit in place of Judge Zbranek on the district court. Pursuant to TEX. GOV'T CODE ANN. § 74.054(a),(b) (Vernon 1998), "[r]egular statutory county court judges may be assigned by a presiding judge to hear a matter in district court within their own county." *Camacho v. Samaniego*, 831 S.W.2d 804, 810–811 (Tex.1992). As noted in *Camacho*, the legislature has provided that "within a county, district and statutory county court judges may exchange benches, sign a judgment or order in another court without transferring the case, and be subject to assignment of any trial or proceeding by the local administrative judge. . . ." *Id.* at 811; *see* TEX. GOV'T CODE ANN. § 74.094 (Vernon 1998 & Supp. 2000). Moreover, as also pointed out in *Camacho*, "[t]wo years later, a provision

that these rules did not authorize a judge to act in a case over which his own court lacked jurisdiction was repealed." *See Camacho*, 831 S.W.2d at 811. Like the San Antonio court of appeals in *Texas Animal Health Comm'n*, 980 S.W.2d at 777, we find no error in the exchange of judges herein. A county court at law judge under a proper assignment may sit for a district judge in a district court in the same county.

■ The error here lies in the application of the assignment order itself, to which Nash also directs us in issue one. As Nash points out, the assignment contains restrictive language that precludes Judge Taylor from entering any order in this case.[2] As background, we note that Judge Taylor heard the application for temporary injunction and the contempt motion by virtue of an order of assignment signed by the Honorable Olen Underwood, the presiding judge of the Second Administration Judicial Region. The order assigning Judge Taylor to the 75th District Court is quoted, in pertinent part, below:

> Pursuant to Section 74.056, Texas Government Code, I hereby assign the Honorable Don Taylor, Judge of the County Court at Law, to the 75th and 253rd Judicial District Courts of Liberty County, Texas.

> This assignment is for the period of two months, beginning* the 1st day of October, 1999, provided that this assignment shall continue after the specified period of time as may be necessary for the assigned Judge to complete trial of any case or cases begun during this period, and to pass on motions for new trial and all other matters growing out of cases tried by the Judge herein assigned during this period.

> CONDITIONS OF ASSIGNMENT:

> *October 1—November 30, 1999 Tax Dockets

It is ordered that the Clerk of the Court to which this assignment is made, if it is reasonable and practicable, and if time permits, give notice of this assignment to each attorney representing a party to a case that is to be heard in whole or in part by the assigned Judge.

It is further ordered that the Clerk, upon receipt hereof, shall post a copy of this order in a prominent place in the public area of the Clerk's office. This posting shall constitute "Notice of Assignment" as required by Section 74.053, Texas Government Code.

> Ordered this 1 st of October, 1999.

> s/

> Olen Underwood, Presiding Judge Second Administrative Judicial Region

. . . .

(emphasis omitted). The order expressly provides that the term of assignment is from October 1—November 30, 1999, and the subject matter of the assignment is "tax dockets." Clearly, the instant case is not a tax case, and, thus, does not fall within the scope of the assignment order.

Champion acknowledges the restrictive nature of the assignment, but contends Judge Taylor did not need an assignment in order to act in the case by virtue of § 74.094(a), which allows district and statutory court judges to hear cases in each other's courts. The Court Administration Act expressly provides the following: that judges are subject to assignment to other courts (Tex. Gov't Code Ann. § 74.054 (Vernon 1998)), that the presiding judge shall from time to time assign the judges of the administrative region to "try cases and dispose of accumulated business" (Tex. Gov't Code Ann. § 74.056(a) (Vernon 1998)), and that a judge "so assigned shall serve . . . ." (§ 74.058(a) (Vernon 1998)). In addition, § 74.094 provides that the "authority of this subsection applies to an active, former, or retired judge *assigned* to

---

**2.** The problem with the order of assignment in this case is no reflection upon the abilities or qualifications of the Honorable Don Taylor.

a court having jurisdiction as provided by Subchapter C." (footnote omitted) (emphasis added). By virtue of the plain language in the statute, Judge Taylor's authority to act in the case was dependent upon a valid assignment by the presiding judge.

Even with an assignment in place, however, Judge Taylor nonetheless did not have authority to act in the instant case. Because the assignment was expressly restricted to "tax dockets," it was not effective to give him authority to make any orders in a suit alleging trespass and conversion and involving title to real property. In *Ex parte Eastland,* 811 S.W.2d 571 (Tex.1991), the Texas Supreme Court held that an order of contempt was void, because the judge's actions exceeded the scope of his assignment. Pursuant to TEX. GOV'T CODE ANN. § 75.002(c), the Chief Justice of the Texas Supreme Court had assigned Judge Ashworth to preside over a case in the 66th District Court. By its terms, the assignment was to continue only as long as necessary to complete the trial of the case and to pass on any motions for new trial.

> Since no motion for new trial was filed in the case, Judge Ashworth's authority expired thirty days after judgment. The order of contempt and commitment is void since Judge Ashworth had no authority to enter the order.

*Ex parte Eastland,* 811 S.W.2d at 572; *see also First City Bank of Houston v. Salinas,* 754 S.W.2d 497, 498 (Tex.App.—Corpus Christi 1988, orig. proceeding) (Assigned judge's jurisdiction or authority over the underlying cause had lapsed.). Here, as in *Ex parte Eastland,* the trial judge's order exceeded the scope of his assignment, because he presided in a case that did not involve "tax dockets." Because Judge Taylor had no authority to enter any order in the case, the contempt judgment is void.

On appeal, Champion appears to argue that Nash waived any error regarding the assignment because, according to Champion, Nash's trial attorney initially agreed at the temporary injunction hearing that Judge Taylor would preside over the contempt hearing. Pursuant to TEX. GOV'T CODE ANN. § 74.053(b), (c)(Vernon 1998), a party must timely object to an assignment prior to "the first hearing or trial, including pretrial hearings, over which the assigned judge is to preside." Since Nash did not object when the opportunity first arose, the issue of his waiver of any error regarding the assignment arises. Under the holding in *Ex parte Eastland,* however, the fact that the trial judge's order exceeded the scope of the assignment rendered the court's order void. *See* 811 S.W.2d at 572. A void judgment may be attacked at any time by a person whose rights are affected. *See El–Kareh v. Texas Alcoholic Beverage Comm'n,* 874 S.W.2d 192, 194 (Tex.App.—Houston [14th Dist.] 1994, no writ); *see also Evans v. C. Woods, Inc.,* No. 12–99–00153–CV, 1999 WL 787399, at *1 (Tex.App.—Tyler Aug.30, 1999, no pet. h.) (Trial court's order granting temporary injunction was void for failing to comply with requirement of civil procedure rule, even though party opposing injunction approved the form of the order before it was submitted to trial court.).

As we appreciate it, the Court of Criminal Appeals has taken a contrary position in *Wilson v. State,* 977 S.W.2d 379, 381 (Tex.Crim.App.1998). There, the Court held that a criminal defendant must timely object to the authority of an otherwise qualified judge to preside in a case pursuant to an expired assignment. As in Ex parte Eastland, the trial judge's assignment to the particular case had expired, this time prior to his acting in the case. Characterizing the error as a "procedural irregularity," the Court of Criminal Appeals held that a defendant must timely object to the assignment, or the error is waived on appeal. *Id.* at 380. Under the analysis in Wilson, it is arguable that Nash waived any error regarding the assignment by failing to timely object.

Although the Court of Criminal Appeals has taken a contrary position, we feel constrained to follow the holding of the Texas Supreme Court. Here, because the language in the assignment order expressly restricted the assignment to tax dockets, Judge Taylor had no authority to issue the contempt order, and, thus, the contempt judgment is void and subject to collateral attack. See *Ex parte Eastland*, 811 S.W.2d at 571. "The invalidity of a void order may be asserted by any person whose rights are affected at any time and at any place." *Qwest Microwave, Inc. v. Bedard*, 756 S.W.2d 426, 439 (Tex.App.— Dallas 1988, orig. proceeding).Therefore, we sustain Nash's first issue. We need not address his remaining issues, since any disposition of those points would afford him no greater relief.

We grant the petition for writ of habeas corpus and order the relator Tommy Nash released from the bond previously ordered.