

ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

September 20, 2007

The Honorable Rex Emerson
Kerr County Attorney
County Courthouse, Suite BA-103
700 Main Street
Kerrville, Texas 78028

Opinion No. GA-0570

Re: Whether a county court at law judge may render judgment in felony cases after the presiding judge of the administrative judicial region assigns him to district court   (RQ-0581-GA)

Dear Mr. Emerson:

In an effort to help manage the Kendall County and Kerr County criminal dockets, a Kendall County judge has suggested that the Presiding Judge of the Sixth Administrative Judicial Region assign the county court at law judge of each county to hear certain district court felony offenses.[1] Other persons are concerned that the presiding judge's action would be an attempt to change the jurisdiction of the statutory county courts in violation of Texas Constitution article V, section 1. *See* Request Letter, *supra* note 1, at 1. This constitutional provision vests the judicial power of the state in specific courts "and in such other courts as may be provided by law," and authorizes the Legislature to "establish such other courts as it may deem necessary and prescribe the jurisdiction and organization thereof." TEX. CONST. art. V, § 1. You ask whether a county court at law judge who has been assigned to district court by the presiding judge of the administrative judicial region may render judgment in felony cases.

Kendall and Kerr Counties, along with two other counties, comprise the 216th Judicial District, and Kerr County is also included in the 198th Judicial District. *See* TEX. GOV'T CODE ANN. §§ 24.275, .377 (Vernon 2004). There is only one statutory county court in each county, and the statute creating these courts does not grant either one of them jurisdiction in felony cases. *See id.* §§ 25.1321–22 (establishing Kendall County Court at Law and providing certain jurisdiction), *id.* §§ 25.1351–52 (establishing Kerr County Court at Law and providing certain jurisdiction). Section 25.0003 states that statutory county courts have the jurisdiction over criminal proceedings prescribed by law for county courts, but county courts do not have jurisdiction in felony cases. *See id.* §§ 25.0003 (Vernon Supp. 2006); 26.045 (Vernon 2004), *amended by* Act of May 21, 2007, 80th Leg., R.S., ch. 612, § 11, 2007 Tex. Sess. Law Serv. 1173–74 (to be codified at TEX. GOV'T CODE

---

[1]Letter from Honorable Rex Emerson, Kerr County Attorney, to Honorable Greg Abbott, Attorney General of Texas, at 1 (Apr. 12, 2007) (on file with the Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

ANN. § 26.045(c), (f)).  The district courts have felony jurisdiction.  *See* TEX. CONST. art. V, § 8; TEX. CODE CRIM. PROC. ANN. art. 4.05 (Vernon 2005).

Kendall and Kerr Counties are within the Sixth Administrative Judicial Region, one of the nine administrative judicial regions into which the state is divided.  *See* TEX. GOV'T CODE ANN. § 74.042(a), (g) (Vernon 2005).  The governor, with the advice and consent of the Senate, appoints one judge in each administrative region as presiding judge of the region.  *See id.* § 74.005(a). Among other duties, "[a] presiding judge from time to time shall assign the judges of the administrative region to hold special or regular terms of court in any county of the administrative region to try cases and dispose of accumulated business." *Id.* § 74.056(a).  The presiding judge may assign a statutory county court judge to a district court, if the district court is in the statutory county court judge's county of residence.  *See id.* § 74.054(a)(1), (b).  An assigned judge "has all the powers of the judge of the court to which he is assigned." *Id.* § 74.059(a).  A statutory county court judge may "hear, determine, and sign a judgment in a matter pending in district court outside his court's jurisdiction." *Camacho v. Samaniego*, 831 S.W.2d 804, 811 (Tex. 1992) (citing Government Code section 74.094(a)); *see also In re Nash*, 13 S.W.3d 894, 898 (Tex. App.—Beaumont 2000, orig. proceeding) ("A county court at law judge under a proper assignment may sit for a district judge in a district court in the same county.").  The presiding judge is authorized to assign the county court at law judge to a district court to sit as judge of the district court, and the order does not change the jurisdiction of the county court at law.

Pursuant to proper assignment by the presiding judge of the judicial region, a statutory county court judge is authorized to hear and decide a felony case in a district court within the judge's county of residence.  *See Lopez v. State*, 57 S.W.3d 625, 628–29 (Tex. App.—Corpus Christi 2001, pet. ref'd) (defendant convicted of felony in district court presided over by county court at law judge sitting by assignment).

### S U M M A R Y

Pursuant to proper assignment by the presiding judge of the judicial region, a statutory county court judge is authorized to hear and decide a felony case in a district court within the judge's county of residence.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

KENT C. SULLIVAN
First Assistant Attorney General

NANCY S. FULLER
Chair, Opinion Committee

Susan L. Garrison
Assistant Attorney General, Opinion Committee