In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-16-00252-CV
_____

MICHAEL DAVID BELLOW JR., Appellant

V.

COURTNEY BELLOW, Appellee

**On Appeal from the 356th District Court**
**Hardin County, Texas**
**Trial Cause No. 54996**

## MEMORANDUM OPINION

Michael David Bellow Jr. (David) appeals from the decree dissolving his marriage to Courtney Bellow (Courtney). The trial court signed an agreed divorce decree on May 3, 2016. The ten issues presented in this appeal by David concern the trial court's authority to act in the case, the trial court's failure to rule on a pre-trial motion, an evidentiary ruling in a pre-trial hearing, the trial court's acceptance of the parties' agreement, and the trial court's rulings on motions for sanctions. We affirm the trial court's judgment.

## Scope of Assignment

In issue one, David contends the visiting judge assigned to hear the case exceeded the scope of his assignment by denying David's motion for new trial. The order of assignment provided, in part, as follows:

> This assignment shall continue as may be necessary for the assigned Judge to dispose of any accumulated business and to complete trial of any case or cases begun during this assignment, and to pass on motions for new trial and all other matters growing out of accumulated business or cases heard before the Judge herein assigned, or until terminated by the Presiding Judge.

David argues the language of the assignment prohibited the visiting judge from ruling on a motion for new trial. We disagree with David's construction of the order of assignment. As it is used in the order in question, "pass" means "[t]o pronounce or render an opinion, ruling, sentence, or judgment[.]" *Pass*, Black's Law Dictionary (9th ed. 2009). Furthermore, the case cited by David does not support his argument because the order of assignment in that case was expressly restricted to "tax dockets," and therefore, did not vest the visiting judge with the authority to make any orders in a suit alleging trespass and conversion and involving title to real property. *See In re Nash*, 13 S.W.3d 894, 899 (Tex. App.—Beaumont 2000, orig. proceeding). The order of assignment for the visiting judge presiding in the Bellows' divorce did not exclude divorce cases. We overrule issue one.

**Acceptance of Agreement**

In issue two, David contends the trial court abused its discretion by accepting a child custody agreement without determining the best interest of the child and issues of domestic violence and neglect. David refers to allegations he made in an amended counter-petition and in a motion to modify temporary orders, but he presented no evidence to support his pleadings in the divorce hearing. In the hearing on the motion to enter judgment, David's attorney informed the trial court that David would not pursue and had waived any affirmative finding of "abuse."

The divorce decree states that the trial court "having considered the circumstances of the parents and of the child, finds that the following orders are in the best interest of the child." The decree further states, "It is agreed by the parties that there is no finding of abuse or neglect, no finding of adultery and no finding of domestic violence." Additionally, the decree includes a finding that the provisions in the decree "relating to the rights and duties of the parties with relation to the child, possession of and access to the child, child support, and optimizing the development of a close and continuing relationship between each party and the child constitute the parties' agreed parenting plan." *See generally* Tex. Fam. Code Ann. §§ 153.007, 153.133 (West 2014).

"The trial court is given wide latitude in determining the best interests of a minor child." *Gillespie v. Gillespie*, 644 S.W.2d 449, 451 (Tex. 1982). We conclude that the trial court made a best interest determination and did not abuse its discretion by accepting the parties' custody agreement. We overrule issue two.

**Failure to Rule on Motion**

In issue three, David complains that the trial court abused its discretion by failing to set a motion for a hearing and by failing to determine the issues raised in the motion. On December 31, 2015, David filed a *pro se* motion to void all rulings and judgments made by the trial court after September 21, 2015. An order on motion for substitution of counsel signed on July 21, 2015, and written objections filed on January 7, 2016, demonstrate that David was represented by counsel of record at the time he filed the motion *pro se*. *See* Tex. R. Civ. P. 7. The trial court is under no mandatory duty to rule on motions filed *pro se* while David was represented by counsel. *See In re Stanley*, No. 09-15-00204-CV, 2015 WL 4054451, at *1 (Tex. App.—Beaumont July 2, 2015, orig. proceeding) (mem. op.). Furthermore, as a prerequisite to presenting a complaint for appellate review, the record must show that the complaint was made to the trial court by a timely request, objection, or motion, and the trial court either ruled or the trial court refused to rule and the complaining party objected to the refusal. *See* Tex. R. App. P. 33.1. In this appeal,

4

David has not shown that he brought the motion to the attention of the trial court and requested a ruling. To the contrary, in the hearing on the motion to enter judgment, David's lawyer stated, "He doesn't want any order voided[,] and he doesn't want any agreement voided." Issue three is overruled.

## Jurisdictional Challenge

In issue four, David contends that all actions by the trial court after September 21, 2015, are void because the trial court transferred the case to Jefferson County. On September 17, 2015, David filed a motion to transfer venue in which he alleged that he could not obtain a fair trial in Hardin County. *See generally* Tex. R. Civ. P. 257 (allowing for change of venue when there is a prejudice so great against a party in the county where the suit is pending that he cannot obtain a fair or impartial trial). In his supporting affidavit, David stated, "I am one of the most politically polarizing people in Hardin County[,] and it will be impossible to find a jury of twelve people who do not have a very strong opinion about me that will absolutely impact the outcome of my custody trial." At the time, the case was assigned to a visiting judge and was set for trial on September 21, 2015. The trial court did not sign David's proposed order granting a motion for a change of venue. However, on September 21, 2015, the trial court signed an order which stated:

On September 21, 2015[,] the Court heard Respondent's Motion to Transfer Venue. The parties agree to a transfer of venue to Jefferson County, Texas without any agreement to the terms and statements in Respondent's Motion to Transfer Venue. This transfer of venue is for jury trial only. Any future hearings, pretrial hearings or any other proceedings will be conducted in Hardin County, Texas.

On October 7, 2015, the trial court signed an amended notice of jury trial, which stated:

The above-mentioned matter is reset for Jury Trial beginning on November 16, 2015 at 8:00 a.m. The Jury Trial/Voir Dire will be held in the 317th District Court of Jefferson County, Texas beginning on November 16 and 17, 2015 at 8:00 a.m. The remainder of the trial will be held in the 136th District Court of Jefferson County, Texas beginning on November 18, 2015. Jury trial proceedings will be before the Honorable Don Taylor, Presiding.

From the recitals in the trial court's order of September 21, 2015, it appears the parties agreed that the jury trial would be held in Jefferson County, but all other proceedings would occur in Hardin County. The parties settled, however, and the case was never tried to a jury.

Typically, an order transferring venue is immediately effective and is final as to the transferring court thirty days after the order is signed. *See In re Sw. Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2000) (orig. proceeding). In this case, however, the trial court did not sign an order transferring the venue of the case to another county; rather, the trial court signed an order retaining the case in Hardin County for all future hearings other than the jury trial, but transferring venue to Jefferson County

6

for an anticipated jury trial. The order was contingent upon the occurrence of an event that did not occur. The trial court conducted the hearing on the motion to enter judgment and signed the judgment in Hardin County. The trial court signed the order transferring the case to Jefferson County on July 14, 2016, after the decree was signed and Courtney filed a suit for modification. *See generally* Tex. Fam. Code Ann. §§ 155.201(b) (West Supp. 2017), 156.004 (West 2014). The record does not establish that the divorce decree is void because the case had been transferred to another county. Issue four is overruled.[1]

**Ruling Regarding Expert Witness**

In issue five, David argues the trial court lacked the authority to rule on the license status of a full-time peace officer who testified as an expert on cell phone forensics in a sanctions hearing. David argues the validity of the witness's license, or lack of a private investigator's license, was a matter to be determined by the Texas Department of Public Safety and outside the trial court's subject-matter jurisdiction.

David tested the witness's qualifications as an expert through voir dire examination. The witness stated that he has a Master Peace Officer license. Although employed by the Jefferson County District Attorney's Office, he was not testifying

---

[1] To the extent other issues in the appellant's brief incorporate his arguments under this issue, those issues are overruled.

in his capacity as an employee of that Office. He stated that his status as a peace officer satisfied an exemption from a state investigator license requirement. At the conclusion of the voir dire examination, the trial court overruled David's objection that the witness was only exempt from being a licensed private investigator while he is employed as a law enforcement officer with a law enforcement entity. When the hearing reconvened after a week-long recess, David testified that he filed a complaint against the witness with the Texas Department of Public Safety after the hearing recessed the previous week. Near the conclusion of the hearing, the trial court observed that "it appears [the witness] is qualified under the law enforcement exemption to serve in the capacity that he did. And I will so find that he was asked to come into court and testify as an expert[,] and the court finds that he opened that gate without any hurdle[.]" The trial court's comment concerned his earlier ruling that the witness was qualified to testify as an expert. *See generally* Tex. R. Evid. 702. The trial court did not issue a decision regarding a matter outside the trial court's subject matter jurisdiction. Issue five is overruled.

## Sanctions Issues

Issues six through nine concern the trial court's rulings on a series of motions in which Courtney requested that sanctions be imposed for David's non-compliance with pre-trial discovery and spoliation of evidence. Courtney filed a motion to

8

compel discovery in which she complained that David failed to produce documents she requested in discovery. The trial court heard the motion on May 19, 2015, and orally ordered that the residence be made available to Courtney to collect her personal belongings on May 30, 2015. Additionally, the trial court ordered David to respond to discovery within two weeks and ordered David to pay $1,500 to Courtney's attorney within thirty days of the hearing. For reasons unclear from the record, the order was reduced to writing on June 4 and again on June 25, 2015.

On June 29, 2015, Courtney filed a motion for contempt and sanctions in which she complained that David had not provided the documents he had been ordered to produce and that he allowed Courtney into the residence on May 30 but refused to allow her to remove her possessions. In the hearing held on July 7, 2015, David's lawyer conceded his discovery responses were late but argued both parties supplemented their discovery thirty days before the scheduled trial date. At the conclusion of the hearing, the trial court denied Courtney's motion to strike but ordered David to pay Courtney's attorney $2,500 by July 31, 2015. No written order appears in the appellate record.

On October 15, 2015, Courtney filed a third motion for sanctions. She complained that a cell phone in David's possession had been tampered with. The trial court held hearings on November 6 and 13, 2015. David explained that he found

some old cell phones, plugged them into his computer one at a time, copied the files onto his computer, and deleted the files from the phones. David claimed the time stamp for a video may have been created when he emailed a copy to his attorney. The hearing on the motion to enter judgment took place on April 13, 2016. David's attorney requested that the sanctions order be separate from the agreed decree, which recited that the $3,000 sanctions award was satisfied by a just and fair division of the marital estate. The parties' agreed divorce decree states, "The parties have agreed that the $3,000.00 in sanctions is satisfied by a just and fair division of the parties' property." Two days after signing the decree, on May 5, 2016, the trial court signed the order, which found that David took part in spoliation of evidence of the two cellular devices and ordered David to pay attorney's fees of $3,000 to Courtney's lawyer.

David filed a motion for new trial as to the order of May 5, 2016. He argued that new evidence had emerged since the hearing that Courtney's expert witness was under criminal investigation. Additionally, David argued that prior to making its determination on the issue of spoliation of evidence, the trial court had not determined David's intent. The trial court denied the motion for new trial as to the order of May 5, 2016.

10

In issue six, David complains that the trial court ordered him to pay $2,500 in attorney's fees to Courtney's attorney without reducing the order to writing. Additionally, he argues that the trial court punished him for failing to comply with an order that was not reduced to writing until after the compliance dates had passed. In issue seven, David complains that the trial court signed orders that were identical as to everything but the date, and he argues that the orders signed on June 4 and 25, 2015, are void because they required him to comply with discovery requests before the date of either order. Although appearing in the record in duplicate, the orders require a single payment of $1,500. The amount ordered to be paid was for Courtney's attorney's fees for having to pursue the motion to compel, not for failing to comply with the order compelling discovery. The July 7, 2015 hearing did not result in an enforceable written order. Thus, David was not sanctioned for failing to comply with the trial court's order by the dates set forth in the orders. Therefore, David has failed to show that any error in signing the order after the date of compliance caused the rendition of an improper judgment. *See* Tex. R. App. P. 44.1. We overrule issues six and seven.

In issue eight, David contends the trial court lacked jurisdiction to sign the order of May 5, 2016, because the agreed decree of divorce signed on May 3, 2016, contained language that disposed of all parties and claims. However, the trial court

retained plenary power over the case for a minimum of thirty days after signing the decree. *See* Tex. R. Civ. P. 329b(d). Therefore, the trial court had jurisdiction when it signed the order. We overrule issue eight.

In issue nine, David argues the trial court abused its discretion by finding that David engaged in spoliation of evidence without pleadings or evidence to support the finding, and without a finding that the spoliation was intentional. He further argues that the trial court abused its discretion when it denied David's motion for new trial.

Spoliation is an evidentiary concept describing a particularized form of discovery abuse that results in the failure to produce discoverable evidence and the trial court's discretion to impose an appropriate remedy when evidence is lost, altered, or destroyed. *Brookshire Bros., Ltd. v. Aldridge*, 438 S.W.3d 9, 18, 20 (Tex. 2014). The party seeking a remedy for spoliation must demonstrate that the other party breached its duty to preserve material and relevant evidence. *Id*. at 20. The breach may be intentional or negligent. *Id.* A trial court may impose an appropriate remedy, such as an award of attorney's fees to the harmed party, if it determines that a party has spoliated evidence. *Id.* at 21.

Courtney's third motion for sanctions alleged, in part, that "[i]n this case, David Bellow was ordered to provide a cell phone that recorded a video he recorded

12

from the device. The phone had no videos and had been altered. Should the Court impose severe sanctions?" She asked the trial court to make orders "with regard to the failure to comply with discovery and tampering with evidence[.]" These pleadings placed David on notice that spoliation was an issue in the sanctions hearing.

David cites *Brookshire Brothers* for the proposition that a party must intentionally spoliate evidence in order for a spoliation instruction to a jury to constitute an appropriate remedy. *Id*. at 23. However, the case before us was not tried to a jury, and the trial court imposed a sanction authorized by the discovery rules. *See* Tex. R. Civ. P. 215.2.

David argues the trial court's ruling is not supported by the evidence because he produced the videos in discovery and had no obligation to preserve the source of the videos. The trial court expressly ordered David to provide the cellular telephones for downloading and inspection as there were allegations the videos produced had been edited. The cellphones produced by David for forensic examination did not contain the videos, and at least one of the cellphones had been wiped clean of all data. After hearing David's offered explanation for why the videos were not on the phones produced, the trial court could have reasonably disbelieved David's explanation and found he either participated in the destruction of such evidence or

13

intentionally failed to produce the phones containing the videos. We conclude the trial court did not abuse its discretion by imposing sanctions.

David filed a motion for new trial regarding the order of May 5, 2016. *See generally* Tex. R. Civ. P. 324(b)(1) (a motion for new trial is required for a complaint on which evidence must be heard, such as a claim of newly discovered evidence). The trial court conducted a hearing on the motion for new trial on July 14, 2016. David presented no evidence to support the factual allegations in his motion for new trial. The trial court did not abuse its discretion by denying David's motion for new trial. We overrule issue nine.

**Motion to Quash**

In his tenth and final issue, David contends the trial court abused its discretion by refusing to consider and rule upon a motion to quash a subpoena and to hold Courtney in contempt for discovery abuse and abuse of process. Acting *pro se*, David filed a "Motion to Quash Subpoena, Contempt, and for Sanctions for Discovery Abuse/Abuse of Process" on June 2, 2016. For relief, David asked that Courtney and her attorney be required to provide a sworn accounting of their actions, that the subpoena be quashed and use of the information be permanently enjoined, and that Courtney and her attorney be required to pay $20,000 in attorney's fees and that Courtney's attorney be required to pay a $20,000 fine to David.

14

In the hearing held on July 14, 2016, the trial court considered and ruled on David's motion for new trial and took up the modification suit before David mentioned his other motion. David stated that he wanted the trial court to entertain his motions before ruling on Courtney's motion to transfer the suit for modification to Jefferson County. He argued that Courtney's attorney "created this secret subpoena under this divorce case and never sent it to the parties." The trial court suggested that the matter would be appropriate for consideration in the modification suit. David responded that Courtney's attorney "needs to produce any subpoena he's done that he never turned over." He argued the trial court should strike Courtney's pleadings because Courtney committed abuse of process because she had "ulterior motives" for sending a subpoena to a third party. The trial court reminded David that the trial court had already ruled on the motion for new trial and granted the motion to transfer.

David claimed but did not prove that a discovery abuse occurred after the parties reached an agreement to settle the divorce case. Any error by the trial court in refusing to rule on the motion before transferring the suit for modification to Jefferson County did not cause the rendition of an improper judgment because David failed to prove that he was entitled to the relief he requested. *See* Tex. R. App. P. 44.1(a)(1). We overrule issue ten and affirm the trial court's judgment.

AFFIRMED.

_____
CHARLES KREGER
Justice

Submitted on May 16, 2018
Opinion Delivered June 14, 2018

Before McKeithen, C.J., Kreger and Horton, JJ.