

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-23-00073-CR
No. 02-23-00074-CR

———————————————

WILLIAM BLAIR, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from the 158th District Court[1]
Denton County, Texas
Trial Court Nos. F22-3554-158, F22-3555-158

---

Before Kerr, Bassel, and Walker, JJ.
Memorandum Opinion by Justice Bassel

---

[1]The Honorable Steve Burgess is the presiding judge of the 158th District Court. The Honorable Coby Waddill, sitting by assignment, signed the judgments being appealed.

## MEMORANDUM OPINION

### I.  Introduction

Appellant William Blair appeals his two manslaughter convictions for which he was sentenced to ten years' confinement to be served concurrently.  In a single issue, Blair argues that County Criminal Court No. 5 lacked subject-matter jurisdiction over his manslaughter cases because that court's legislative grant of felony jurisdiction is specific to intoxication offenses listed in Texas Penal Code Chapter 49 and because the tried offenses are not Chapter 49 offenses.  The crux of Blair's argument rests on clerical errors in the judgments:  the incorrect court (County Criminal Court No. 5) is listed in both the caption and after the judge's signature, and a line following the document's title of "Judgment of Conviction by Jury" states, "County Criminal Court #5 – sitting as a felony court."[2]  The record, however, reflects that the acting presiding judge of the Eighth Administrative Judicial Region of Texas assigned the Honorable Coby Waddill, Judge of County Criminal Court No. 5 of Denton County, to the 158th District Court to preside over the underlying felony cases.  Because the 158th District Court has jurisdiction to hear felony cases involving manslaughter and because Blair's manslaughter cases were assigned to be heard by Judge Waddill in that court, Blair's jurisdiction argument has no merit.  But because the judgments contain

---

[2]We have altered the font from the large and small capital letters used in the judgments.

2

clerical errors, we modify the judgments to correct the clerical errors and affirm the judgments as modified.

## II. Background[3]

One afternoon in April 2021, Blair crashed his vehicle into two pedestrians who were attending to a disabled vehicle on the shoulder of I-35. Both pedestrians died from the injuries that they sustained.

The grand jury initially indicted Blair for intoxication manslaughter for killing the two pedestrians. The two cases were filed in the 158th District Court, but the judge of that court ordered the cases to be assigned to County Criminal Court No. 5 of Denton County, "subject to [that court's] approval." The presiding judge of County Criminal Court No. 5—the Honorable Coby Waddill—acknowledged the assignments.

The following year, the grand jury indicted Blair in two new cases—each setting forth one count of intoxication manslaughter and one count of manslaughter.[4] Three days after the new indictments were filed in the 158th District Court, the acting presiding judge of the Eighth Administrative Judicial Region of Texas signed an order

---

[3]Because Blair does not challenge the sufficiency of the evidence, we set forth only a brief factual background.

[4]Because the State ultimately proceeded solely on the new indictments, after the trial, the State filed in each case a motion to dismiss the initial indictments that solely charged intoxication manslaughter, and the trial court granted the motions.

assigning Judge Waddill to the 158th District Court to preside over Blair's cases. The

pertinent portion of the order is as follows:

**THE STATE OF TEXAS**

**8th ADMINISTRATIVE JUDICIAL REGION**

**ORDER OF ASSIGNMENT BY THE PRESIDING JUDGE**

Pursuant to Section 74.056, Texas Government Code, the undersigned Presiding Judge assigns the Honorable Coby Waddill, Judge of County Criminal Court No. 5 of Denton County, Texas to the

**158th DISTRICT COURT, DENTON COUNTY, TEXAS.**

The judge is assigned to preside in Cause Number F22-3554-158, styled State of Texas v. William Blair from this date until the undersigned Presiding Judge has terminated this assignment in writing. In addition, whenever the assigned judge is present in the county of assignment for a hearing in this cause, the judge is also assigned and empowered to hear at that time any other matters that are presented for hearing in other cases.

A similar order was rendered in the companion case.

When the State indicated that it intended to abandon the intoxication-

manslaughter counts and proceed solely on the manslaughter counts in each case,

Blair filed a plea to the jurisdiction based on his premise that the cases had been

transferred to County Criminal Court No. 5—rather than that the judge of that court

had been assigned to sit in the 158th District Court to preside over the cases—and

argued that although County Criminal Court No. 5 has concurrent jurisdiction with

the Denton County district courts over intoxication offenses, because manslaughter is

not an intoxication offense, County Criminal Court No. 5 had no jurisdiction over

4

these offenses. At the hearing on Blair's plea to the jurisdiction, the trial court noted that "the presiding [j]udge of the administrative region [has authority] to assign judges in the administrative region to preside over cases." Therefore, the trial court signed an order in each case denying Blair's plea to the jurisdiction.

After a three-day trial, a jury found Blair guilty of manslaughter in both cases. The jury assessed punishment in each case at ten years' confinement, and the trial court sentenced Blair in accordance with the jury's recommendation and ordered the sentences to run concurrently. Blair filed a motion for new trial raising his jurisdiction argument, and the motion was overruled by operation of law. *See* Tex. R. App. P. 21.8(a), (c). Blair then perfected this appeal.

### III. The Record Shows Cases Were Assigned to the District Court with Jurisdiction over the Felony Offenses at Issue

In his sole issue, Blair raises the same jurisdiction challenge that he raised in the trial court—that the trial court, which he contends was County Criminal Court No. 5, lacked subject-matter jurisdiction because its legislative grant of felony jurisdiction is limited to Chapter 49 intoxication offenses and because the tried offenses are not Chapter 49 offenses. As mentioned in the introduction section, Blair's argument ignores the order in the record assigning the *judge* of County Criminal Court No. 5 to the 158th District Court to preside over these cases; thus, despite the wording in the judgments, County Criminal Court No. 5 did not sit as a felony court for these cases.

5

## A. Applicable Law

County Criminal Court No. 5 of Denton is a statutory county court. Tex. Gov't Code Ann. § 25.0631(a)(7). The county criminal courts of Denton County have felony jurisdiction concurrent with the district courts only over matters involving intoxication arising by a true bill of indictment by a grand jury charging one or more offenses under Texas Penal Code Chapter 49. *Id.* § 25.0634(a). Intoxication manslaughter is a Chapter 49 offense. Tex. Penal Code Ann. § 49.08.

The Government Code gives broad power to the presiding judge of an administrative region to assign judges to various courts: "A presiding judge from time to time shall assign the judges of the administrative region to hold special or regular terms of court in any county of the administrative region to try cases and dispose of accumulated business."[5] Tex. Gov't Code Ann. § 74.056(a); *see also id.* § 74.041(2)

---

[5]The State notes in a footnote in its brief,

> The Texas Constitution orders the legislature to make provisions for court to be held when a district judge is absent, disabled, or disqualified; however, the Texas Constitution does not suggest "that the legislature lacks authority to enact legislation permitting eligible and qualified judges to be assigned to district courts even when the elected judge of the district court is not absent, disabled, or disqualified." *Lazarine v. State*, No. 01-19-00982-CR, . . . 2021 WL 5702182[, at *4] (Tex. App.—Houston [1st Dist.] Dec. 2, 2021, pet. ref'd) (mem. op., not designated for publication); *see Wiggins v. State*, 622 S.W.3d 556, 560 (Tex. App.—Houston [14th Dist.] 2021, pet. ref'd); *Smith v. State*, No. 01-19-00442-CR, . . . 2020 WL 6731656[, at *6] (Tex. App.—Houston [1st Dist.] Nov. 17, 2020, pet. ref'd) (mem. op., not designated for publication). The record is silent regarding the reasons [that] Judge Waddill was assigned to these cases. Presumably the cases may have been assigned because

(defining "presiding judge" as the presiding judge of an administrative region). A statutory county court judge is included in the list of judges who may be assigned by the presiding judge of the administrative region in which the assigned judge resides. *Id.* § 74.054(a)(1). A judge assigned under the provisions of Chapter 74 (the Court Administration Act) "has all the powers of the judge of the court to which he is assigned." *Id.* § 74.059(a).

### B. Analysis

Relying on Government Code Section 25.0634(a), Blair argues that County Criminal Court No. 5 may not have its jurisdiction extended beyond legislative authorization by either a transfer order or an order of assignment. Blair acknowledges that the original transfer order from the 158th District Court to County Criminal Court No. 5 was properly executed but then contends that the case was assigned to that court again after it was reindicted. The record does not bear out this position.

As set forth above, the assignment made after the cases were reindicted was not an assignment or transfer to a different court but rather an assignment of a county criminal court judge to sit in the district court in which the reindicted cases were filed. The Beaumont Court of Appeals dealt with a similar scenario and, using a substantially similar prior version of Section 74.054, explained the distinction between

---

Judge Waddill presided over the originally indicted cases. [Record references omitted.]

7

a transfer of a case to another court and an assignment of a judge to a different bench and how a county court at law judge may be properly assigned to sit in a district court:

> Under our reading of the statute, a presiding judge of a judicial administrative region may appoint a county court at law judge to sit for a district judge in a district[-]court case in the same county. *See Tex*[.] *Animal Health Comm'n v. Garza*, 980 S.W.2d 776, 777 (Tex. App.—San Antonio 1998, no writ) ([c]ounty court at law judge was authorized to preside over a case in district court and sign the judgment even though the case was outside his court's subject[-]matter jurisdiction[]). . . . Here, [the] case was not *transferred* from district court to the county court at law. Instead, the presiding judge of the region *assigned* Judge Taylor, the county court at law judge, to sit in place of Judge Zbranek on the district court. Pursuant to Tex[as] Gov[ernment] Code [Section] 74.054(a),[ ](b) . . . , "[r]egular statutory county court judges may be assigned by a presiding judge to hear a matter in district court within their own county." *Camacho v. Samaniego*, 831 S.W.2d 804, 810–[]11 (Tex. 1992). As noted in *Camacho*, the legislature has provided that "within a county, district and statutory county court judges may exchange benches, sign a judgment or order in another court without transferring the case, and be subject to assignment of any trial or proceeding by the local administrative judge . . . ." *Id.* at 811; *see* Tex. Gov't Code Ann. § 74.094 . . . . Moreover, as also pointed out in *Camacho*, "[t]wo years later, a provision that these rules did not authorize a judge to act in a case over which his own court lacked jurisdiction was repealed." *See Camacho*, 831 S.W.2d at 811. Like the San Antonio [C]ourt of [A]ppeals in *Tex*[.] *Animal Health Comm'n*, 980 S.W.2d at 777, we find no error in the exchange of judges herein. A county court at law judge under a proper assignment may sit for a district judge in a district court in the same county.

*In re Nash*, 13 S.W.3d 894, 897–98 (Tex. App.—Beaumont 2000, orig. proceeding). We conclude that the record here reflects the same type of assignment under Sections 74.054(a) and 74.056(a).

Blair, however challenges the propriety of the assignment, contending "that [although] the case[s were] moved does not mean the case[s were] moved

8

permissibly." But the crux of this argument remains Blair's faulty premise that the cases were transferred between courts that did not have equal jurisdiction. Again, what occurred below was not a transfer of cases from one court to another but rather an assignment of a county criminal court judge to sit in the district court. Blair offers no argument or authority challenging the propriety of the assignment order itself.

To summarize, as a result of the assignment order from the acting presiding judge of the Eighth Administrative Judicial Region of Texas, the cases at issue were tried in the 158th District Court, which has jurisdiction over felony offenses such as manslaughter.[6] Also as a result of that assignment, Judge Waddill "ha[d] all the powers of the judge of the court to which he [was] assigned." *See* Tex. Gov't Code Ann. § 74.059(a). And as aptly noted in a footnote in the State's brief,

> Even if Judge Waddill [had] presided over these cases in his own courtroom[,] that does not change that he was acting on assignment to the 158th District Court because more than one judge can try cases simultaneously in the same district court, each in a different courtroom. *See Ex parte Holmes*, 754 S.W.2d 676, 680 (Tex. Crim. App. 1988); *Herrod v. State*, 650 S.W.2d 814, 817 (Tex. Crim. App. 1983); *Zamora v. State*, 508 S.W.2d 819, 823 (Tex. Crim. App. 1974); *Ex parte Dharmagunaratne*, 950 S.W.2d 140, 142 (Tex. App.—Fort Worth 1997, pet. ref'd) [(op. on reh'g)]; *Rogers v. State*, 846 S.W.2d 883, 886 (Tex. App.—Beaumont 1993, no writ).

Because the cases were tried in the district court, which had felony jurisdiction over the manslaughter charges, we hold that the judgments are not void as Blair contends. To the extent that the judgments reflect that the cases were tried in County

---

[6]Nowhere in his brief does Blair argue that the 158th District Court lacked jurisdiction to hear these felony cases.

Criminal Court No. 5 and that County Criminal Court No. 5 was "sitting as a felony court," as well as that "County Criminal Court #5" is listed after Judge Waddill's signature, we modify the judgments to correct those clerical errors as set forth in more detail below. *See Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993) (holding that appellate courts are empowered to reform judgments); *Barner v. State*, No. 02-22-00043-CR, 2023 WL 164088, at *2 (Tex. App.—Fort Worth Jan. 12, 2023, no pet.) (mem. op., not designated for publication) (stating that appellate courts have the power to correct clerical errors and modify the trial court's judgment "to make the record speak the truth" when they have the necessary information to do so).

We overrule Blair's sole issue.

## IV. Conclusion

Having overruled Blair's sole issue but having determined that there are clerical errors in the trial court's judgments,

- we modify the first page of the judgments in cause numbers F22-3554-158 and F22-3555-158 as follows: (1) we delete "In The County Criminal Court Number 5 Denton County, Texas," in the captions and replace it with "In The 158th District Court Denton County, Texas"; (2) we delete the phrases "County Criminal Court #5 - Sitting as a Felony Court" that follow the title of "Judgment of Conviction by Jury"; and (3) we add "Sitting by Assignment" after "Judge Presiding:  Hon. Coby Waddill"; and

- we modify the last page of the judgments under the judge's signature to delete "County Criminal Court #5" and replace that phrase with "Sitting by Assignment."

As modified, we affirm the trial court's judgments.

/s/ Dabney Bassel

Dabney Bassel
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: January 11, 2024